AMIELIA RAROGIEWICZ, Respondent, *v.* THE BROTHER-HOOD OF AMERICAN YEOMEN, Appellant.

*Insurance — evidence — physicians and surgeons — confidential com-munications — action to recover on certificate of life insurance — exclusion of certificate of attending physician submitted by plaintiff as part of proof of death — exclusion of testimony of medical interne and of record made by him upon admission of insured to hospital.*

*Rarogiewicz v. Brotherhood of American Yeomen*, 215 App. Div. 794, affirmed.

(Argued April 1, 1926; decided May 4, 1926.)

APPEAL, by permission, from a judgment of the Appel-late Division of the Supreme Court in the fourth judicial department, entered January 26, 1926, unanimously affirming a judgment in favor of plaintiff entered upon a verdict directed by the court. The action was to recover upon a certificate of benefit insurance upon the life of plaintiff's husband. The defense was that certain statements in the application warranted by the applicant to be true were in fact false. The questions on appeal were whether the exclusion of a certificate of the attending physician of insured, submitted by plaintiff as part of the proofs of death, and the exclusion of testimony of a medical interne and of a record made by her upon the reception of insured in the hospital where he died, con-stituted reversible error.

*Frank Gibbons* for appellant.

*John V. Maloney* and *Robert J. Summers* for respondent.

Judgment affirmed, with costs. Held, that the exclusion of the certificate of Dr. DeGroat as an admission of plaintiff was not prejudicial, and the exclusion of the evidence and record of Miss Nelson was proper as it appears that she was acting as the agent of the attending physician.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGH-LIN, CRANE and LEHMAN, JJ.　Absent: ANDREWS, J.