THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* FRANK C. LAY, True Name FRANK CHARLES LAY, Appellant.*

Second Department, June 17, 1938.

*Bernard H. Fitzpatrick,* for the appellant.

*John H. W. Krogmann, Assistant District Attorney [Charles P. Sullivan, District Attorney,* with him on the brief], for the respondent.

* Affg. 167 Misc. 431.

PER CURIAM. Defendant was convicted, in the County Court of Queens county, of assault in the second degree under an indictment charging him with shooting a woman with a loaded pistol with intent to kill; sentence indeterminate, maximum, five years; minimum, two years and six months.

The conviction was based upon a confession of defendant and the relevant testimony of a physician who, upon examination and treatment of the woman, found a bullet wound in her body and extracted the bullet. It is claimed that the testimony of the doctor was inadmissible under section 352 of the Civil Practice Act, applied to criminal trials by section 392 of the Code of Criminal Procedure. This court holds that it was admissible.

· . It could not have been intended by the Legislature that in such a case the act should be the means of protecting a criminal from just punishment. (*Pierson* v. *People*, 79 N. Y. 424; *People* v. *Harris*, 136 id. 423.) Those cases involved convictions for murder. But the essence of the decisions applies here. There was no disclosure by the doctor which would subject the woman to prosecution, damage her reputation, or wound her feelings, as was the case in *People* v. *Murphy* (101 N. Y. 126). Section 1915 of the Penal Law, which requires every physician attending a case of bullet wound to report such case at once to the police authorities, militates against a construction favorable to a defendant in a criminal cause. The statutory prohibition, the birth of which took place in the State of New York, is not accepted in all jurisdictions. (5 Wigmore on Evidence [2d ed.], § 2380.) Its scope should be limited to its purpose.

Defendant's counsel excepted to that part of the court's charge which, in general, states that if the defendant intentionally shot the complaining witness the jury is bound to find an assault, and requested the court to rescind that, and to charge that the defendant might have pointed a gun intentionally, but without malice, at the complaining witness and discharged the same, and, if the jury finds those to be the facts, then the jury is under the duty to acquit the defendant. Defendant was not entitled to a withdrawal of the statement that if the defendant intentionally shot the complaining witness the jury was bound to find an assault. An intentional shooting is an assault. But if a person intentionally points a gun at another without intent to do harm, and discharges the gun without intent to do harm, as is sometimes recklessly done in jest, then an assault is not committed, but there may be a crime under section 1906 of the Penal Law. With a request that should have been charged, defendant coupled one to which he was not entitled. The subject is rather technical and rather confusing to

a jury, and, since the request contained an erroneous proposal, it was not error to refuse to charge as requested. (*People* v. *McGloin*, 91 N. Y. 241.)

Furthermore, the court gave to the jury accurate definitions of assault in the first and second degrees, stating that intent to kill was essential to the first, and willful and wrongful infliction of grievous bodily harm to the second. In other parts of the charge the court may not have completely described the difference between the two degrees, but, taking the charge as a whole, the jury must have understood, under the facts, that in the case of first degree assault intent to kill was essential, while in second degree assault there must be an intent to do bodily harm and that there could not be an assault without intent to injure.

Under the circumstances, therefore, any error was technical, and, as the guilt of defendant was clearly proved and no substantial rights of defendant impaired, it should be disregarded. (Code Crim. Proc. § 542.)

The judgment of conviction should be affirmed.

Present — LAZANSKY, P. J., DAVIS, JOHNSTON, ADEL and TAYLOR, JJ.

Judgment of the County Court of Queens county, convicting defendant of assault in the second degree, unanimously affirmed.