J. Egbert Lynch, J.
Elizabeth Lynch has served a notice of claim against the County of Lewis for damages arising from an alleged “ abusive process, malicious prosecution, false arrest and false imprisonment ”. The claim results from her commitment to the St. Lawrence State Hospital on the petition of the Lewis County Commissioner of Social Welfare and her subsequent release by habeas corpus by a Justice of this court in St. Lawrence County. More than 30 days have elapsed since the service of the notice and there has been no adjustment or payment nor has any summons and complaint been served. (See General Municipal Law, § 50-i.) Nor has any examination of the claimant been demanded. (See General Municipal Law, *79 § 50-h.) The county now moves for an order directing the St. Lawrence State Hospital to furnish it with: (a) a copy of the writ of habeas corpus and the papers leading to it; (b) a copy of the commitment petition and any accompanying papers; (c) all medical records of Elizabeth Lynch made during her hospitalization.
Since the habeas corpus papers are a public record, filed in St. Lawrence County, no necessity exists for an order respecting them and that part of the motion is therefore denied.
The State has agreed that if the county is unable to find in its Social Welfare Commissioner’s files a copy of his petition with accompanying papers, it will voluntarily supply a copy from its records. This part of the motion is therefore denied.
We are left with the request for Elizabeth Lynch’s hospital records for which the State is claiming the privilege of confidential information. Physicians and nurses are forbidden to disclose information obtained from a patient which they have acquired for the purpose of treatment unless the patient waives the privilege (CPLR 4504; see also Edington v. Mutual Life Ins. Co., 67 N. Y. 185). The same restriction binds hospital records insofar as they are recordings of information made by physicians and nurses (Matter of Coddington, 307 N. Y. 181, 195). The records must then be deemed privileged unless that privilege has been waived by Elizabeth Lynch by serving the notice of claim.
Waiver by the patient himself takes one of two forms — either the patient testifies concerning his condition (5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4504.16 citing Hethier v. Johns, 233 N. Y. 370) or the patient brings or defends an action in which his condition is affirmatively put in issue (Koump v. Smith, 25 N Y 2d 287). ‘1 While the rule has grown up in personal injury cases, its rationale should apply wherever a party with the privilege has the burden of proof on an issue ” (5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4504.15). Where this has occurred the medical records become available by statute (CPLR 3121), but only after the action has been commenced. We find no case permitting inspection by one with an interest adverse to the patient where no action has been commenced and only a notice of claim has been served.
We cannot say from the notice of claim that Elizabeth Lynch’s mental condition on her arrival at St. Lawrence State Hospital has been put into issue. If we must speculate from the notice what her cause of action would be were she to bring one we would say that she would complain, not about the actuality of her condition when she arrived at the hospital, but about the *80 illegality of the procedure which brought her there. But this is speculation. Suffice it to say that the patient has not at this point waived her privilege.
The cases cited by the petitioner are distinguishable. The first is Milano v. State of New York (44 Misc 2d 290). There the record of treatment by the State of a patient not a party to the suit was held unprivileged and admissible because the privilege was sought to protect the State’s interest and not the interest of the patient. There another hospital record was also admitted but solely because it was compiled for a purpose other than the treatment of the patient and was thus not privileged.
Matter of Warrington (State of New York) (303 N. Y. 129) does not authorize the holding that a patient waives the privilege against disclosure of hospital records to a prospective adverse party even before an action is commenced. It holds that one allied in interest with a patient, such as his committee or his administrator, may have inspection of his records before the commencement of an action. (Matter of Lee v. State of New York, 183 Misc. 615) is not concerned with privilege or waiver.
The motion must be denied.