■ In the Matter of an Application to Quash a Subpoena Duces Tecum in Grand Jury Proceedings. The People of the State of New York, Respondent, v JOHN DOE, et al., Appellants. — In a proceeding to quash, fix conditions to, or modify the Grand Jury subpoenas duces tecum dated July 17, 1981 and July 30, 1981, issued by the Deputy Attorney-General for Medicaid Fraud Control for a Grand Jury sitting in Queens County, the petitioners appeal from so much of an order of the Supreme Court, Queens County (Balbach, J.), dated November 9, 1981, as denied the application with respect to the subpoena dated July 17, 1981 and with respect to Item Nos. 11 and 13 of the subpoena dated July 30, 1981. Order affirmed insofar as appealed from, without costs or disbursements. The Grand Jury herein is investigating the death of a 78-year-old patient who died in the intensive care unit of the appellant hospital on March 27, 1981 and, in particular, certain procedures allegedly engaged in by the hospital which were used in connection with the decedent during her last hours. In connection with said investigation, the respondent Deputy Attorney-General for Medicaid Fraud Control, issued Grand Jury subpoenas duces tecum to petitioners hospital and its executive vice president, directing them to produce, *inter alia,* certain records pertaining to the decedent's medical treatment, and certain reports prepared by hospital personnel, shortly after decedent's death, which were sent to the hospital's malpractice attorney and insurance consultants. Petitioners then moved to quash, fix conditions to, or modify the subpoenas and argued in conjunction therewith that the materials sought (1) violated the patient's constitutional right to privacy and (2) constituted (a) absolutely privileged material under the patient-physician privilege pursuant to CPLR 4504 (subd [c]), which, in view of their objection, could not be disclosed to the Grand Jury, without a waiver from the decedent's personal representative or next of kin pursuant to CPLR 4504 (subd [c]) and (b) conditionally privileged material prepared exclusively for litigation, pursuant to CPLR 3101 (subd [d]), which also could not be discovered by the Grand Jury. In response to these arguments, the Deputy Attorney-General affirmed, *inter alia,* that his investigation had developed evidence that the decedent's respirator and respirator alarm had been improperly turned off shortly before her death, that when the effects of that act became known, certain hospital personnel deliberately withheld effective resuscitating measures from her, and that these illegal acts caused decedent's death. In response to petitioners' counsel's suggestion that the decedent had committed suicide, the respondent affirmed that he would "submit an *in-camera* submission [to the court] pursuant to *Hynes v Lerner,* 44 NY2d 329", which would demonstrate the need for compliance with the Grand Jury subpoenas. Accordingly, the respondent argued that a balancing test had to be employed, and that under the particular facts herein, the Grand Jury's right to search out criminal acts superseded any claimed privilege. Criminal Term agreed with respondent and denied the petitioners' motion to quash. The instant appeal followed. We affirm. It has been consistently held by the courts of this State that (1) the absolute patient-physician privilege (see CPLR 4504, subd [c]) may be asserted by a patient, or by an appropriate physician or hospital on behalf of the patient in criminal proceedings, including Grand Jury investigations of alleged criminal activity (see *Matter of Investigation of Criminal Abortions in Kings County [Magelaner],* 286 App Div 270, mot for lv of app den 309 NY 1031; *People v Preston,* 13 Misc 2d 802, 809; Richardson, Evidence [Prince, 10th ed], § 434), and (2) the claim of patient-physician privilege will be upheld (and disclosure of the material prohibited) when the patient is himself the defendant, or is a person who can be charged as a participant in the alleged crime under investigation by the Grand Jury (see *People v Murphy,* 101 NY 126; *People v Eckert,* 2 NY2d 126; *Matter of Investigation of Criminal Abortions in Kings County [Mage-*

laner], *supra; People v McAlpin,* 50 Misc 2d 579; see Ann., Applicability in criminal proceedings of privilege as to communications between physician and patient, 7 ALR3d 1458). However, it has also been held by the courts of this State and many others, that the claim of patient-physician privilege cannot be invoked successfully by, or on behalf of, a patient when the latter is merely the victim of a crime for which another has been criminally charged or is being investigated by a Grand Jury (see *People v Lay,* 254 App Div 372, affd 279 NY 737; *People v Doe,* 96 Misc 2d 975; *Matter of People v Doe,* 107 Misc 2d 605; *State v Boehme,* 71 Wn 2d 621, cert den *sub nom. Boehme v Washington,* 390 US 1013; see, also, Right of one against whom testimony is offered to invoke privilege of communication between others, Ann., 2 ALR2d 645). This holding finds support in the serious questioning of the validity of this privilege by some scholarly commentators and the particular concept that the privilege should not apply when its application would shield the commission of a crime or create injustice (see 8 Wigmore, Evidence [McNaughton rev], § 2380a; 5 Weinstein-Korn-Miller, NY Civ Prac, par 4504.02; McCormick, Evidence [2d ed], ch 11, § 105, p 226; 3 Wharton's Criminal Evidence, § 563, p 90). In the case at bar, the respondent has demonstrated a genuine need to obtain these materials in connection with a Grand Jury investigation of alleged criminal acts perpetrated on the patient. Accordingly, the petitioners' motion insofar as it was to quash the subject Grand Jury subpoenas on the ground of patient-physician privilege, must be rejected. Moreover, in view of the overriding public interest in having the Grand Jury investigate all avenues which might help detect criminal conduct, and the built-in security provisions in the Grand Jury system which militate against subsequent unauthorized disclosure, petitioners' argument that the disclosure of these records will violate the patient's constitutional right to privacy must also be rejected (*Whalen v Roe,* 429 US 589; *Schachter v Whalen,* 581 F2d 35, [2d Cir]; *United States v Westinghouse Elec. Corp.,* 638 F2d 570 [3d Cir]; cf. *Matter of City Council of City of N.Y. v Goldwater,* 284 NY 296). Petitioners also argue that compliance with Item Nos. 4, 8 and 9 of the Grand Jury subpoena dated July 17, 1981 will violate their conditional immunity from disclosure pursuant to CPLR 3101 (subd [d]) in that the materials requested constituted material prepared exclusively for litigation pursuant to CPLR 3101 (subd [d]) (see *Kandel v Tocher,* 22 AD2d 513; *Verini v Bochetto,* 49 AD2d 752). Nevertheless, we are of the view that the conditional claim of privilege which attaches to these materials cannot be successfully invoked herein. Under all of the circumstances, it is our view that the Grand Jury, acting through the respondent, has demonstrated good cause for discovery of these items and that petitioners' motion to quash based on the conditional privilege contained in CPLR 3101 (subd [d]) must be rejected (cf. *Matter of Grand Jury Investigation,* 599 F2d 1224, 1232-1233 [3d Cir]). Lazer, J. P., Mangano, Gibbons and Gulotta, JJ., concur.