OPINION OF THE COURT
 

 Gabrielli, J.
 

 We hold today that a hospital being investigated by a Grand Jury in connection with possible crimes committed against its patients by the hospital staff may not successfully assert the physician-patient (CPLR 4504) or social worker-client (CPLR 4508) privileges, or the patient’s right to privacy, in opposition to a Grand Jury subpoena calling for the hospital’s records. Additionally, the conditional bar to discovery of material prepared for litigation provided by CPLR 3101 (subd [d]) does not apply in the face of a valid Grand Jury subpoena duces tecum.
 

 In July, 1981, the Deputy Attorney-General for Medicaid Fraud Control issued two Grand Jury subpoenas, one to appellant hospital and the other to its executive vice-president, calling for the production of hospital records relating to a patient, Maria M., who had died in the hospital. The hospital moved to quash the subpoenas based on the assertions that the physician-patient privilege applied, that the subpoenas violated the patient’s right to privacy, and that portions of the requested matter were material prepared for litigation. In response to the motion to quash, the Deputy Attorney-General demonstrated that the subpoenas were issued as part of an investigation into possible “no coding” at the hospital, a procedure under which various lifesaving and support measures are selectively denied to certain seriously ill patients.
 

 Special Term denied the motion to quash and the Appellate Division affirmed. Following the Appellate Division determination in the Maria M. case, the Grand Jury issued a subpoena to the hospital calling for the production of hospital records relating to a second deceased patient, Daisy S. Again, a motion was made to quash the subpoena. In addition to asserting the physician-patient privilege and the patient’s constitutional right to privacy, the hospital maintained that the social worker privilege of CPLR 4508
 
 *352
 
 barred production of the files requested by this third subpoena. In support of this latter argument, the hospital contended that the social worker assigned to Daisy S. had made several notations in her medical record. This subpoena was upheld in the courts below and the appeal has been consolidated in our court with the appeal relating to the Maria M. subpoenas. We now affirm in both cases.
 

 Initially, we note that our courts have traditionally given the Grand Jury the widest possible latitude in the exercise of its powers to inquire into possible criminal activity
 
 (People v Stern,
 
 3 NY2d 658, 661). Nevertheless, the evidentiary privileges have by and large been held to apply to Grand Jury proceedings
 
 (People v Eckert,
 
 2 NY2d 126). Each of the privileges is designed to encourage a particular form of behavior or to serve a certain desirable purpose. These privileges exact a heavy toll, however, because they tend to keep otherwise competent evidence from the reach of the Grand Jury and the courts (see 8 Wigmore, Evidence [McNaughton rev], § 2380a). Accordingly, where the application of a privilege will not serve to further the legitimate purposes for which it was created, there is little reason to permit its invocation.
 

 The physician-patient privilege, which guarantees the confidentiality of a communication between patient and doctor, is designed in large measure to encourage full disclosure by the patient so that he can secure appropriate treatment from the physician (see Richardson, Evidence [10th ed — Prince], § 428; 5 Weinstein-Korn-Miller, NY Civ Prac, par 4504.02). The privilege, of course, belongs to the patient, but may be asserted by the physician for the. patient’s protection where the patient has not waived his privilege. A pragmatic limitation upon this rule, which has been given effect in our State, is that a person or entity subject to proceedings for having committed crimes against an individual should not be permitted to assert the victim’s physician-patient privilege as a bar to production of relevant medical records or testimony. Thus, in
 
 People v Lay
 
 (254 App Div 372, affd 279 NY 737), the defendant, charged with shooting his victim with a loaded pistol with intent to kill, was not permitted to use the victim’s physician-patient privilege to bar her physician from testifying
 
 *353
 
 to having extracted the bullet. The principle underlying this holding is that the purpose of the privilege is to protect the patient, not to shield the criminal. Although the
 
 Lay
 
 decision involved the assertion of the physician-patient privilege at trial, we now hold that the principle behind the
 
 Lay
 
 decision also applies where the privilege is invoked in response to a Grand Jury subpoena duces tecum.
 

 In this case, the purpose of the Grand Jury subpoena was to investigate possible criminal activity in connection with the deaths of two elderly patients at the appellant hospital. Since the hospital was a central figure in this investigation, it should not be permitted to successfully assert the physician-patient privilege of its patients in this instance.
 

 Similarly, the social worker-client privilege may not be asserted by the hospital in connection with the Daisy S. subpoena. The manifest purpose of this privilege, like the physician-patient privilege, is to encourage uninhibited disclosure by the individual for the purpose of securing necessary assistance. This purpose is not served by permitting a hospital which may have been involved in crimes committed upon its patients to assert their privileges. We reject the suggestion of appellant that the compelled disclosure of the files in this instance will undermine the salutary goal of uninhibited communications between patients and their physicians or social workers. The Grand Jury operates in secret, and the prospect that it might examine the files of a hospital in connection with allegations of crimes committed against the hospital’s patients is unlikely to inhibit these patients from making candid disclosures to their physicians or social workers for the purpose of securing beneficial and necessary treatment.
 

 In addition, to the extent that the deceased patients are the beneficiaries of some constitutional right to privacy in their medical records, this purported right may not now be asserted by the appellant hospital. In the context of these cases, the hospital lacks standing to assert the constitutional rights, if any, of its patients. As the Appellate Division noted, “in view of the overriding public interest in having the Grand Jury investigate all avenues which
 
 *354
 
 might help detect criminal conduct, and the built-in security provisions in the Grand Jury system which militate against subsequent unauthorized disclosure,” (86 AD2d, p 673) the argument that the patients’ rights to privacy will be violated by disclosure in this instance must be rejected.
 

 Finally, we believe that the Appellate Division was correct in concluding that appellants may not rely upon the conditional privilege for material prepared for litigation in the face of a Grand Jury subpoena duces tecum. CPLR 3101 (subd [d]) provides that material prepared for litigation “shall not be obtainable unless the court finds that the material can no longer be duplicated because of a change in condition and that withholding it will result in injustice or undue hardship”. Appellants now maintain that the hospital files contain material falling within the scope of this privilege and that the Deputy Attorney-General has made no showing that the information sought in the subpoenas is otherwise unobtainable. These assertions are unavailing. It has been postulated that one of the purposes behind this conditional privilege is to prevent attorneys from freely using the preparatory efforts for litigation of their opposing attorneys, except where absolutely necessary. Whatever the underpinnings of this provision, it is evident that the Legislature did not consider material prepared for litigation to be so sacrosanct as to be totally immune from disclosure. Nothing in the language or history of the provision suggests that the conditions imposed upon the discovery of this material were meant to apply to a subpoena issued by the Grand Jury or that this section was meant to otherwise impede a legitimate Grand Jury investigation. Since the subpoenaed documents are obviously relevant to the legitimate object of investigation by the Grand Jury, the motion to quash based on the conditional privilege of CPLR 3101 (subd [d]) was properly rejected.
 

 Inasmuch as there is no merit to the contentions of appellants that the subpoenaed material is privileged or otherwise protected from disclosure, the motions to quash were properly denied. Accordingly, the orders of the Appellate Division should be affirmed, with costs.
 

 
 *355
 
 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg and Meyer concur.
 

 Orders affirmed, with costs.