OPINION OF THE COURT
Seymour Rotker, J.
The Bureau of Community Services (hereinafter referred to as Bureau), an authorized child care agency, has moved to quash a subpoena issued by the District Attorney calling for the original of all records kept by that agency concerning Robert, Rashime and Alvan A.
These records are sought in connection with the Grand Jury investigation of crimes perpetrated against children. It is alleged upon information and belief by the District Attorney that these three children, believed to be brothers of the half blood, have been victims of crimes and that said records will bear upon criminal activities.
The Bureau has opposed the subpoena on grounds that (a) these materials represent confidential communications between a certified social worker and his client; (b) consist *684 in part of material prepared for litigation; (c) consist in part of confidential communications between an attorney and his client; (d) are confidential pursuant to section 372 of the Social Services Law, and (e) consist in part of confidential communications between psychiatrist, psychologist and physician and his patient.
The District Attorney has responded that the movant, Bureau, cannot avail itself of the social worker/client privilege (CPLR 4508). That pursuant to the exception of CPLR 4508 (subd 3) this privilege does not obtain “where the client is a child under the age of sixteen and the information required by the certified social worker indicates that the client has been the victim or subject of a crime”.
The District Attorney alleges that the clients are children under the age of 16 and his investigation has revealed that the children have been victims of a crime.
In the event that the motion to quash is denied the Bureau seeks an order returning the materials subpoenaed within two days after the material is presented before the Grand Jury.
It is to be noted that the courts have given the Grand Jury a great deal of latitude in the exercise of its powers to inquire into the possible criminal activity (People v Stern, 3 NY2d 658). A subpoena duces tecum has a presumption of validity which can only be defeated by a showing that there is no nexus between the material sought and the subject matter before the Grand Jury (Virag v Hynes, 54 NY2d 437). It is equally true that evidentiary privileges have been held applicable to Grand Jury proceedings and that such privileges foster full disclosure and insure confidentiality of communications. However, such privileges are not absolute. It has long been the rule in this State that an individual or entity subject to proceedings for having committed a crime should not be able to assert privilege as a bar to the production of relevant records (People v Lay, 254 App Div 372, affd 279 NY 737).
In Matter of Grand Jury Proceedings (Doe) (56 NY2d 348), subpoenas were issued by the Deputy Attorney-General in connection with the investigation of possible criminal activity in regard to the deaths of two elderly patients *685 at a hospital. The hospital moved to quash the subpoena upon grounds of physician/patient privilege and also upon grounds that portions of the requested matter were material prepared for litigation. A subsequent Grand Jury subpoena was issued relating to records of a second deceased patient. The hospital again moved to quash, citing the afore-mentioned arguments and, in addition, asserting the social worker privilege of CPLR 4508. The court rejected the application of privilege where its assertion would act as a shield in the investigation of criminal activity. In so doing, the court held that its mandate for disclosure would not undermine the confidentiality of communications which is central to the concept of privilege.
“Similarly, the social worker-client privilege may not be asserted by the hospital in connection with the Daisy S. subpoena. The manifest purpose of this privilege, like the physician-patient privilege, is to encourage uninhibited disclosure by the individual for the purpose of securing necessary assistance. This purpose is not served by permitting a hospital which may have been involved in crimes committed upon its patients to assert their privileges. We reject the suggestion of appellant that the compelled disclosure of the files in this instance will undermine the salutary goal of uninhibited communications between patients and their physicians or social workers. The Grand Jury operates in secret, and the prospect that it might examine the files of a hospital in connection with allegations of crimes committed against the hospital’s patients is unlikely to inhibit these patients from making candid disclosures to their physicians or social workers for the purpose of securing beneficial and necessary treatment.” (Matter of Grand Jury Proceedings [Doe], supra, p 353.)
In addition, the motion to quash upon grounds of conditional privilege for material prepared for litigation was denied. The court reasoned that said privilege was not meant to impede a legitimate Grand Jury investigation, and since the documents were relevant to the investigation, its application was rejected. (Matter of Grand Jury Proceedings [Doe], supra.)
CPLR 4508 (subd 3) provides an exception to the social worker/client privilege. It provides in part: “[W]here the *686 client is a child under the age of sixteen and the information acquired by the certified social worker indicates that the client has been the victim or subject of a crime, the certified social worker may be required to testify fully in relation thereto upon any examination, trial or other proceeding in which the commission of such crime is the subject of inquiry”. The District Attorney has asserted that he is investigating the possible commission of a crime upon children under the age of 16. This representation is sufficient to trigger the exception to the statute as the information within the reports of the social worker may further aid the investigation of criminal activity.
The decision in Matter of Grand Jury Proceedings (Doe) (supra) has greatly restricted the privilege concept when its application would hinder the investigation of criminal activity and this court adopts its reasoning. Although that case did not address thé attorney/client privilege, the court sees no reason why this privilege should not give way to a compelling need to the investigation of crimes. Under this theory the court also finds the restrictions of subdivision 3 of section 372 of the Social Services Law, which limit the access to records and reports of neglected children, to be inapplicable to the instant situation. Subdivision 4 of that section permits the disclosure of such records relating to such children by a Justice of the Supreme Court after a notice to all interested persons and a hearing.
The motion to quash the subpoena herein is denied in all respects.
The Bureau has further alleged that it is required to keep the case records sought and has alternatively challenged the District Attorney’s right to retention of these records (CPL 610.25). The agency seeks return of the records within two days of their production before the Grand Jury. The District Attorney has failed to indicate that retention of the original files is necessary to his investigation. Accordingly, all subpoenaed materials received by the District Attorney are to be photocopied and returned to the agency within five working days of their production.
The motion is denied in all other respects.