OPINION OF THE COURT
Meyer, J.
A subpoena, although limited to “[n]ames and addresses of those treated for stab wounds or other wounds caused by a knife from June 15, 1982 through June 17, 1982,” must be quashed because it may require the hospital to which it is addressed to divulge information protected by the physician-patient privilege (CPLR 4504, subd [a]). The order of the Appellate Division granting the motion of respondent hospital to quash the subpoena served by the District Attorney, as limited by the District Attorney’s letter, should, therefore, be affirmed.
On June 16,1982, a woman was found, stabbed to death, under circumstances which led the Onondaga County Dis *133 trict Attorney to believe that she might have stabbed her assailant. On June 17, in an effort to identify the assailant, the District Attorney issued a Grand Jury subpoena commanding the hospital to produce “any and all medical records pertaining to treatment of any person with stab wounds or other wounds caused by a knife, from June 15, 1982 to the present time.” The hospital countered by moving to quash on the grounds that the subpoena violated the physician-patient privilege and that the constitutional right to privacy protected the information from disclosure. County Court denied the motion, holding the privilege not so absolute as to proscribe the exercise of discretion and that the public’s interest in investigating crime far outweighed its interest in fostering the free flow of information between patient and doctor, but stayed enforcement of its order pending appeal.
Subsequent to the court order, the District Attorney informed the hospital by letter dated July 28,1982 that the only information he would seek under the subpoena would be the “[n]ames and addresses of those treated for stab wounds or other wounds caused by a knife from June 15, 1982 through June 17, 1982”.
The Appellate Division reversed, granted the motion and quashed the subpoena, holding that a hospital which is not itself the subject of any investigation may properly assert the privilege for the benefit of its patients, including those who are suspected or accused of criminal activity. As for the claimed public interest exception, it found significant the fact that CPLR 4504 (subd [b]) enacted a specific exception for child abuse and section 265.25 of the Penal Law required reporting of any injury caused by discharge of a firearm but only of a knife wound likely to result in death and thus not of such a wound not likely te result in death.
The Appellate Division also held that, even as limited by the District Attorney’s letter of July 28, 1982, the subpoena violated the statutory proscription because to reveal the names and addresses of all persons treated for stab wounds concerned not only the fact of treatment but also the nature of the treatment.
*134 Before this court, the District Attorney has abandoned the contention that the demand for “all medical records” of persons treated for stab wounds was proper. He now argues only that the demand for names and addresses alone does not violate the privilege, because names and addresses are not privileged and, alternatively, that the County Court had discretion to override the privilege in the public interest because a homicide was under investigation. We disagree.
The physician-patient privilege is statutory and is, therefore, to be construed in accordance with its purpose — “to encourage full disclosure by the patient so that he can secure appropriate treatment from the physician” (Matter of Grand Jury Proceedings [Doe], 56 NY2d 348, 352) — but is to be given “a broad and liberal construction to carry out its policy” (Matter of City Council of City of N. Y. v Goldwater, 284 NY 296, 300; People v Decina, 2 NY2d 133, 143). CPLR 4504 (subd [a]) proscribes disclosure by a hospital or doctor, among others, of information “acquired in attending a patient in a professional capacity, and which was necessary to enable him to act in that capacity.”* It follows from that language that facts which are “plain to the observation of anyone without expert or professional knowledge” are not within the privilege (Klein v Prudential Ins. Co. of Amer., 221 NY 449, 453; Patten v United Life & Acc. Ins. Assn., 133 NY 450, 453; Edington v Aetna Life Ins. Co., 77 NY 564, 570). Thus, the photographs of all patients meeting a particular description (People v Newman, 32 NY2d 379, 384, cert den 414 US 1163) or the names and addresses of a particular doctor’s patients (Matter of Albert Lindley Lee Mem. Hosp., 115 F Supp 643, affd 209 F2d 122, cert den sub nom. Cincotta v United States, *135 347 US. 960) may be subpoenaed without violating the statute (see People v Decina, 2 NY2d 133, 143, supra).
Although the privilege belongs to the patient and may not be asserted by the physician, hospital or anyone else to protect himself with respect to a crime committed against the patient (Matter of Grand Jury Proceedings [Doe], 56 NY2d 348, supra; People v Lay, 254 App Div 372, affd 279 NY 737), it may be asserted by the hospital or physician for the protection of a patient who has not waived his or her privilege, even though the patient is suspected of or charged with a crime (People v Eckert, 2 NY2d 126; People v Murphy, 101 NY 126; Matter of Investigation of Criminal Abortions in County of Kings [Magelaner], 286 App Div 270, mot for lv to app den 309 NY 1031). Respondent hospital properly asserted the privilege, therefore, and it not being possible to comply with a demand for names and addresses of all persons treated for a knife wound without disclosing privileged information concerning diagnosis and treatment, the subpoena, even as limited, was properly quashed.
The District Attorney’s further contention that the statutory privilege must yield to the overriding public interest in the investigation of a homicide does not withstand analysis. In both People v Decina (2 NY2d 133, supra) and People v Murphy (101 NY 126, supra) we upheld the privilege as to information gained by a physician while treating a patient defendant accused of homicide. Nor can the District Attorney point to any such explicit declaration of legislative intention to permit the privilege to be overridden in a homicide case as was demonstrated in the Federal statute (US Code, tit 21, § 1175, subd [b], par [2], cl [C]) considered in Matter of Commissioner of Social Servs. of City of N. Y. v David R. S. (55 NY2d 588). To the contrary, specific exceptions to the physician-patient privilege have been enacted by the Legislature (CPLR 4504, subd [b] [respecting disclosure of dental identification data and information concerning a victim of crime under age 16]; subd [c] [as to the mental or physical condition of a deceased patient]; Family Ct Act, § 1046, subd [a], par [vii] [no privilege in proceedings for child abuse or neglect]; Public Health Law, § 2101, subd 1 [requiring disclosure of *136 communicable disease]; Public Health Law, § 3373 [abrogating the privilege as to controlled substances]; Social Services Law, § 384-b, subd 3, par [h] [providing that the privilege affords no ground for exclusion of evidence in proceedings for guardianship and custody of destitute or dependent children]; Penal Law, § 265.25 [making it a misdemeanor for a doctor or hospital to fail to report a wound “caused by discharge of a gun or firearm” or “a wound which is likely to or may result in death and is actually or apparently inflicted by a knife”]).
Those exceptions to the privilege make clear the legislative concept that exceptions to the. statutorily enacted physician-patient privilege are for the Legislature to declare. And as the Appellate Division noted, the fact that the legislatively declared exception for knife wounds is limited to those likely to result in death whereas any wound caused by discharge of a firearm must, under the Penal Law, be reported compels the conclusion that less serious knife wounds are not within the mandate of section 265.25 of the Penal Law and that, therefore, information concerning treatment of such wounds is not excluded from the privilege provided by CPLR 4504.
In view of the conclusion reached it is unnecessary for us to consider the constitutional question. The order of the Appellate Division should, therefore, be affirmed.
Chief Judge Cooke and Judges Jasen, Jones and Wachtler concur; Judge Simons taking no part.
Order affirmed, without costs.

 The subdivision in full reads as follows: “Confidential information privileged. Unless the patient waives the privilege, a person authorized to practice medicine, registered professional nursing, licensed practical nursing, or dentistry shall not be allowed to disclose any information which he acquired in attending a patient in a professional capacity, and which was necessary to enable him to act in that capacity. The relationship of a physician and patient shall exist between a medical corporation, as defined in article forty-four of the public health law, a professional service corporation organized under article fifteen of the business corporation law to practice medicine, and the patients to whom they respectively render professional medical services.”