SHARADCHANDRA G. DESAI, Appellant, v BLUE SHIELD OF
NORTHEASTERN NEW YORK, INC., Respondent. CINDY WILD,
Appellant.

Third Department, April 27, 1989

**APPEARANCES OF COUNSEL**

*Kenneth H. Newbould* for Sharadchandra G. Desai, appellant.

*DeGraff, Foy, Conway, Holt-Harris & Mealey (Diana K. Bangert-Drowns* of counsel), for respondent.

## OPINION OF THE COURT

HARVEY, J.

The issue to be decided in this case is whether the testimony of a former dental assistant is prohibited by the confidentiality privilege contained in CPLR 4504. A more detailed statement of the facts of this case can be found in this court's prior decision in this matter (128 AD2d 1021). Briefly stated, this litigation concerns an action commenced by plaintiff, a dentist, against defendant, a health insurance company, to recover amounts that defendant recouped because of its alleged overpayments to plaintiff. In an attempt to support its affirmative defense that plaintiff had failed to provide covered dental services within the scope of normal good dental practice, defendant subpoenaed plaintiff's former dental assistant, Cindy Wild, to submit to a deposition upon oral questions. Wild moved for a protective order and, ultimately, this court determined that the grant of such an order was improper and any consideration of whether Wild's testimony would come within the purview of CPLR 4504 would be premature since no questions had, at that time, been asked of Wild. Since the time of that decision, Wild appeared for an examination before trial (hereinafter EBT) and was asked a series of questions pertaining to the treatment of patients by her and the dental hygienists employed by plaintiff. Counsel for plaintiff and Wild objected to the questions based on, *inter alia,* the dentist-patient privilege and the EBT was ended. Defendant then moved to compel Wild to answer the questions. Supreme Court granted this request, finding that Wild was not a person entitled to invoke the privilege. Plaintiff and Wild now appeal.

We affirm, but for reasons different from those stated by Supreme Court. Argument on appeal was principally directed toward interpretation of CPLR 4504 (a), which reads: "Confidential information privileged. Unless the patient waives the privilege, a person authorized to practice medicine, registered professional nursing, licensed practical nursing or *dentistry* shall not be allowed to disclose any information which he acquired in attending a patient in a professional capacity, and which was necessary to enable him to act in that capacity" (emphasis supplied). Defendant contends that because the dental assistant is not a person authorized to practice dentistry, the statute has no application to her testimony.

The physician-patient privilege is statutory and did not exist at common law *(see,* Fisch, New York Evidence § 541, at 356

[2d ed]). It is, therefore, to be construed in accordance with its purpose of encouraging "full disclosure by the patient so that he can secure appropriate treatment from the physician" *(Matter of Grand Jury Proceedings [Doe], 56 NY2d 348, 352).* The statute is to be given "a broad and liberal construction to carry out its policy" *(Matter of City Council v Goldwater, 284 NY 296, 300; accord, Matter of Grand Jury Investigation of Onondaga County, 59 NY2d 130, 134).* In order for the privilege to attach, the communication must be a necessary incident to rendering professional service and must have been confidential in nature, and the patient must have contemplated that it would be kept so *(see, People v Christopher, 101 AD2d 504, 530, revd on other grounds 65 NY2d 417; see also, Polsky v Union Mut. Stock Life Ins. Co., 80 AD2d 777).* Absent waiver, physicians are forbidden to disclose information obtained from a patient which they have acquired for the purpose of treatment *(see, Matter of Lynch, 68 Misc 2d 78).* "The true test appears to be whether in the light of all the surrounding circumstances, and particularly the occasion for the presence of the third person, the communication was intended to be confidential and complied with the other provisions of the statute" *(People v Decina, 2 NY2d 133, 145).*

In our view, while the Legislature clearly did not intend for a "dental assistant-patient" privilege to exist, the law indicates that the statutory privilege does apply to, for instance, an unlicensed nurse, "or other skilled therapeutic practitioner[s] * * * when acting as [an] assistant or *agent* to a regular practitioner" (8 Wigmore, Evidence § 2382, at 834 [McNaughton rev] [emphasis in original]; *see, Rarogiewicz v Brotherhood of Am. Yeomen,* 242 NY 590; Richardson, Evidence § 429, at 421 [Prince 10th ed]). The Fourth Department has stated that the privilege applies to those "acting in concert with covered medical personnel" *(People v Christopher, 101 AD2d 504, 530, supra).* This view is completely logical since a contrary conclusion would effectively undercut the whole purpose behind the dentist-patient privilege, particularly in the case of dentists who seldom perform any treatment without the attendance and services of a dental assistant or hygienist *(see, e.g.,* 8 NYCRR 61.9 [a] [1]; [b] [4], [8]).

Although we hold that information gained by a dental assistant under certain circumstances is privileged, we need not make that determination in this case. At the heart of this lawsuit are the allegations that plaintiff breached his contract with defendant by allowing dental assistants and dental hy-

gienists to perform treatments only an authorized dentist is permitted to perform.

CPLR 4504 (a) was enacted for the benefit of patients and should not be wielded as a sword by physicians *(see, Matter of Grand Jury Investigation of Onondaga County,* 59 NY2d 130, *supra;* Fisch, New York Evidence § 549, at 366 [2d ed]). "The statutory privilege protects confidential communications between patient and physician in order to protect the patient from 'humiliation, embarrassment or disgrace' * * *. The theory is that a person in need of medical attention should be encouraged to make full and candid disclosure of all matters necessary to treatment by being assured that what is disclosed to the doctor will not be revealed to others without the patient's consent * * *. The privilege is personal to the patient but may be asserted by the physician in the absence of a waiver by the patient" *(Matter of Grand Jury Subpoena Duces Tecum Dated Dec. 14, 1984, X., M. D. v Kuriansky,* 69 NY2d 232, 239, *cert denied sub nom. Y & X v Kuriansky,* 482 US 928). Since defendant has assured this court that no question will be asked which would require giving names of patients, no harm would come to anyone intended by the statute to be benefited. It is for that reason that we affirm.

CASEY, J. P., WEISS, MIKOLL and LEVINE, JJ., concur.

Order affirmed, with costs.