OPINION OF THE COURT
Joel M. Goldberg, J.
On November 16, 1992, the defendant was sentenced upon *82 his convictions after a jury trial of murder in the second degree and criminal possession of a weapon in the second degree. His appeal is now pending. By a motion to vacate judgment pursuant to CPL 440.10 (1) (f), dated November 22, 1993, the defendant now seeks a new trial or a hearing claiming a Rosario violation based on the People’s failure to turn over an audiotape of the autopsy findings allegedly made by the Associate Medical Examiner who performed the autopsy and who testified at the trial. (People v Rosario, 9 NY2d 286 [1961], cert denied 368 US 866 [1961].)
The motion is denied for the reasons set forth in People v McCullough (NYLJ, Jan. 7, 1994, at 29, col 3 [Sup Ct, Kings County]). The defendant has not set forth sufficient factual allegations to conclude that such a tape was made, still exists, or contains Rosario-type information to warrant a hearing on these issues. Furthermore, even if such a tape exists and contains Rosario-type information, the Rosario rule requiring prosecutorial disclosure of a witness’ written or recorded statements in the possession of or under the control of the prosecutor does not apply to material in the possession of the Office of the Chief Medical Examiner. (See, People v Railey, 159 Misc 2d 393 [Sup Ct, NY County]; see also, People v Ramsay, NYLJ, Jan. 19, 1994, at 25, col 3 [Sup Ct, Kings County].)
FURTHER GROUNDS FOR DENIAL
In opposition to the motion, the People argue that the defendant should have been aware that an audiotape of the autopsy findings may have been made, and by not timely requesting production of this tape, the defendant forfeited any Rosario claim. The People cite CPL 440.10 (3) (a) which states, in pertinent part:
"3. * * * [T]he court may deny a motion to vacate a judgment when:
"(a) Although facts in support of the ground or issue raised upon the motion could with due diligence by the defendant have readily been made to appear on the record in a manner providing adequate basis for review of such ground or issue upon an appeal from the judgment, the defendant unjustifiably failed to adduce such matter prior to sentence and the ground or issue in question was not subsequently determined upon appeal.”
The People argue that the defense should have been aware *83 of the tape or some other form of written or recorded notes of the autopsy, because the final page of the autopsy report indicates that the report was not typed until October 24, 1991 —which was several weeks after the September 6, 1991 homicide. By not asking for the written or recorded information which was used to prepare the autopsy report, the People assert that the defense did not employ the due diligence required by CPL 440.10 (3) (a) to make this purported Rosario violation part of the trial record. This court agrees.
The defense argues in answer that the date on the autopsy report is not a sufficiently conspicuous signal, even to a diligent defense attorney, that the autopsy report was typed based on undisclosed written or recorded notes. However, section 17-203 of the Administrative Code of the City of New York states, in pertinent part, that "A detailed description of the findings of all autopsies shall be written or dictated during their progress” (emphasis supplied). Since it was obvious that the autopsy report used at trial was not typed during the autopsy, the typist must have, therefore, been working from either written or recorded notes made by the Associate Medical Examiner during the autopsy. Administrative Code § 17-203 puts defense counsel on constructive notice of the existence of such notes. If these notes constitute Rosario material, the failure to request them at trial may, under CPL 440.10 (3) (a), defeat this belatedly made Rosario claim.
The statutory bar of CPL 440.10 (3) (a) is permissive, not mandatory. In this case, it is not an abuse of discretion to bar Rosario relief. Until the recent wave of similar motions arguing that the Rosario rule applies to these audiotapes, the Bench and Bar, many of whom were actually aware of the use of such tapes, apparently never considered them to be Rosario material. Thus, it would be unfair to the prosecutor and not in the public interest to grant automatic reversal by a novel application of the Rosario rule. The windfall of a new trial should not automatically be granted by applying the Rosario rule to material that, by virtue of section 17-203 of the Administrative Code, defense counsel should have known was not disclosed.
ADDITIONAL DISCUSSION
Administrative Code § 17-205 and New York City Charter § 557 (g) require the Medical Examiner’s Office to disclose autopsy findings to the appropriate District Attorney. Con *84 trary to the defendant’s position, these statutes do not give the prosecutor control of the autopsy records to the extent that they thereby become Rosario material. (See, People v Flynn, 79 NY2d 879, 882 [1992].) As noted in People v McCullough (supra), various agencies, such as the Commissioner of Social Services and the Division for Youth, are also statutorily required to report certain information to the appropriate District Attorney. (See, Social Services Law § 34-a [2] [b]; Executive Law § 515-b [3].) The obligation to report this information does not make it Rosario material.
Support for this conclusion may be found by reference to Penal Law § 265.25 which requires attending physicians to report all gunshot wounds and certain life-endangering knife wounds to the police. The physician-patient privilege has been viewed as inapplicable to this information. (Matter of Grand Jury Investigation, 59 NY2d 130, 135-136 [1983].) Failure to make the required report is a class A misdemeanor. This very stringent reporting requirement is as strong as the Medical Examiner’s. However, the duty to report certain wounds does not make the attending physician a law enforcement agent within the Rosario rule even though, like autopsy results, such information may very likely result in the initiation of a criminal investigation and possible prosecution. In this regard, the attending physician is no different from the Medical Examiner. In both situations, the prosecutor is not obligated, under penalty of automatic Rosario reversal, to obtain and disclose the relevant case files of those physicians or Medical Examiners who testify at a hearing or trial.
Accordingly, the motion is denied without a hearing.