■ In the Matter of EDNA CONNOR, Deceased. NEW YORK HOSPITAL MEDICAL CENTER OF QUEENS, Appellant; OFFICE OF THE DISTRICT ATTORNEY, COUNTY OF QUEENS, Respondent. [626 NYS2d 212] —In a Grand Jury proceeding to inquire into the death of Edna Connor, the petitioner appeals from an order of the Supreme Court, Queens County (Naro, J.), entered October 8, 1993, which denied its application pursuant to CPLR 2304 to quash two Grand Jury subpoenas duces tecum.

Ordered that the order is affirmed, with costs.

On appeal, the petitioner hospital contends that the Supreme Court erred in denying its motion to quash two Grand Jury subpoenas because disclosure of the subject records would violate the physician-patient privilege *(see,* CPLR 4504). We disagree. Although the physician-patient privilege "may be asserted by the hospital or physician for the protection of a patient who had not waived his or her privilege" *(Matter of Grand Jury Investigation of Onondaga County,* 59 NY2d 130, 135), it "may not be asserted by the physician, hospital, or anyone else to protect himself with respect to a crime committed against the patient" *(Matter of Grand Jury Investigation of Onondaga County, supra,* at 135; *Matter of Grand Jury*

*Proceedings [Doe],* 56 NY2d 348). Here, in response to the motion to quash, the District Attorney demonstrated that the subject subpoenas were issued as part of an investigation into the death of an elderly patient at the hospital who was given an overdose of morphine eight days after her family had requested that no extraordinary means be undertaken to prolong her life. The subpoenaed information and records are relevant both to the inquiry into this patient's death, and to the Grand Jury's investigation into whether other critically ill patients at the hospital may have died under similar circumstances. Taking into consideration " 'the overriding public interest in having the Grand Jury investigate all avenues which might help detect criminal conduct, and the built-in security provisions in the Grand Jury system which militate against subsequent unauthorized disclosure' " *(Matter of Grand Jury Proceedings [Doe], supra,* at 353-354), the hospital may not successfully assert that disclosure of the subject records would violate the physician-patient privilege or the deceased patients' constitutional rights, if any, to privacy. Miller, J. P., Pizzuto, Joy and Krausman, JJ., concur.