■ In the Matter of GRAND JURY INVESTIGATION IN NEW YORK COUNTY. NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Appellant, v ROBERT M. MORGENTHAU, as District Attorney of New York County, Respondent. [731 NYS2d 17] —Order, Supreme Court, New York County (Edward McLaughlin, J.), entered on or about March 13, 2001, directing respondent-appellant to comply with Grand Jury subpoenas by providing specified medical records for in camera inspection and denying the cross motion to quash the subpoenas, unanimously reversed, on the law, without costs, and the cross motion granted.

In connection with a homicide during which the assailant apparently was bleeding as he fled the scene, the District Attorney's Office subpoenaed several local hospitals, including respondent's affiliates, for medical records to aid in the identification of the assailant. On the basis of eyewitness information, law enforcement authorities had determined that the assailant was a Caucasian male in his 30s or 40s. As such, the subpoenas sought "[a]ny and all records pertaining to any male Caucasian between the ages of 30 and 45 years, who was treated or sought treatment on May 25, 1998 through May 26, 1998 for a laceration, puncture wound or slash, or other injury caused by or possibly caused by a cutting instrument and/or sharp object, said injury being plainly observable to a lay person without expert or professional knowledge; said records including but not limited to said patient's name, date of birth, address, telephone number, social security number and other identifying information, except any and all information acquired by a physician, registered nurse or licensed practical nurse in attending said patient in a professional capacity and

which was necessary to enable said doctor and/or nurse to act in that capacity."

Under the standards articulated in *Matter of Grand Jury Investigation of Onondaga County* (59 NY2d 130), these subpoenas must be quashed insofar as they require the subpoenaed hospitals to divulge information protected by the physician-patient privilege (CPLR 4504 [a]). Although the subpoenas were obviously drafted with *Onondaga County* in mind, the District Attorney's position that that decision is distinguishable is wrong. Notwithstanding the semantic gloss that the subject records involve only injuries of a nature obvious to laypersons, and that physicians and nurses are not being required to divulge privileged information, the assessment of the nature and cause of the injuries triggering production of the relevant documents involves an inherently medical evaluation, so that *Onondaga County* remains controlling authority. Concur—Nardelli, J. P., Tom, Mazzarelli, Rubin and Marlow, JJ.