Matter of C.D. (2005 NY Slip Op 50299(U))

[*1]

Matter of C.D.

2005 NY Slip Op 50299(U)

Decided on March 8, 2005

Family Court, Orange County

Kiedaisch, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 8, 2005

Family Court, Orange County
In the Matter of C.D., A Person Alleged to be a Juvenile Delinquent, Respondent.
D-926-05

Debra J. Kiedaisch, J.
In this juvenile delinquency proceeding commenced pursuant to Article 3 of the Family Court Act, the petitioner presentment agency, through its attorney, the County Attorney's Office of Orange County, has submitted for the Court's signature a judicial subpoena which directs a hospital to produce for use in the trial of the proceeding the hospital medical records of the alleged victim of the incident giving rise to this proceeding. Although a subpoena signed by the attorney would suffice under the applicable statute (see, CPLR 2302[a]), the presentment agency is following the common practice of having the subpoena "so ordered" by a Court. Apparently, medical service providers will more likely respond to a subpoena "so ordered" by the Court as opposed to one signed solely by an attorney. Court's generally sign such subpoena's since it aids in compliance with a lawful subpoena and avoids possible motion practice. This Court will sign the subpoena but requires the following additional procedure be followed for the following reasons.
Article 23 of the CPLR governs the issuance of subpoenas in civil litigation. A juvenile delinquency proceeding is a civil proceeding (see, Green v. Montgomery, 95 NY2d 693, 698). Generally, the procedures set forth in the CPLR are applicable to proceedings in the Family Court unless they conflict with a particular procedure otherwise prescribed by the Family Court Act (see, FCA 165([a]). The CPLR, at section 4504(a), also sets forth the privilege of confidentiality attending the physician-patient relationship. Generally, the right to confidentiality concerning a person's medical records is applicable in civil and criminal actions (see, People v. Sinski, 88 NY2d 487; People v. Strawbridge, 299 AD2d 584). Although in derogation of the common law, the physician-patient privilege is to be given a "broad and liberal construction to carry out its policy" (In re Grand Jury Investigation in New York County, 98 NY2d 525; Matter of Grand Jury Investigation of Onondaga County, 59 NY2d 130, 134; Matter of City Council of City of NY v. Goldwater, 284 NY 296, 300). Unless a specific exception to the privilege has been carved out by the legislature, the privilege remains unabated (In re Grand Jury Investigation in New York County, supra, p 533; People v. Sinski, supra, p 491 citing FCA 1046[a][vii] [no privilege for proceedings in child abuse or neglect]); Matter of Grand Jury Investigation of Onondaga County, supra 136). The privilege may also be forfeited where a person affirmatively places his or her physical or mental medical condition in issue in litigation. This usually arises in the arena of personal injury litigation where a party such as the plaintiff affirmatively places his [*2]or her medical condition in controversy in order to win monetary damages (Dillenbeck v. Hess, 73 NY2d 278; Lombardi v. Hall, 5 AD3d 739). However, the alleged victim of the alleged acts which forms the basis for this juvenile delinquency proceeding is not a party to the juvenile delinquency proceeding. He does not become a party because he may have alerted authorities of the alleged acts or may be desirous of seeing that the proceeding be prosecuted. The parties to this proceeding are the State and the respondent juvenile (Green v. Montgomery, 95 NY2d 693, 699; FCA 301.1). Thus, the alleged victim whose records are sought has not placed his physical or mental condition in controversy and does not forfeit the right to object to disclosure of his records because of this proceeding.
Article 31 of the CPLR governs pre-trial disclosure in civil proceedings. That article, as amended effective September 1, 2003, while allowing pre-trial disclosure of medical records of persons, including non-parties, by means of attorney issued subpoenas without prior court approval, contrary to prior practice, requires that the medical provider not release the records in the absence of a showing that the person whose records are sought to be disclosed has authorized their release (see, CPLR 3120; CPLR 3122[a]). However, Article 23 of the CPLR which governs trial subpoenas does not contain a similar requirement. Also, while Article 23 of the CPLR provides for service of a copy of the subpoena duces tecum on the other party(s) there is no provision requiring service of a copy of the subpoena duces tecum on the non-party whose records may be sought (CPLR 2303[a]). Thus, a nonparty will not receive a copy of the trial subpoena duces tecum and, thereby, will not receive notice of its issuance. In view of the established broad right to the confidentiality of medical records, a duty devolves upon the Court to require notification to the person whose medical records are sought in the absence of proof that the privilege of confidentiality has been knowingly waived. The Court can not merely assume that the nonparty who is in contact with the Assistant County Attorney prosecuting this proceeding has knowingly waived any objection to wholesale disclosure of his medical records. Of course, the County Attorney could obviate the problem by obtaining and producing a written release from the person whose records are being subpoenaed or otherwise by bringing an appropriate motion on notice to such person. Nor is it satisfactory to follow the practice of waiting to raise and address the issue precipitously at trial. This is not an orderly way to proceed. The person whose records are in issue should have some prior notice to consider his position. Also, at times, the medical records are subpoenaed to the Family Court Clerk before the scheduled date for trial with the attorneys for the parties seeking to inspect such records prior to trial. While this is reasonable preparation for trial the person whose medical records are in issue should have opportunity to be heard before they are opened up to the inspection of counsel. Nor should the Court be called upon to inspect the records, in camera, if there is not going to be any objection to disclosure by the person whose records are in issue. It is noted that one Court has gone so far as to direct that the authorization requirement and the other procedures set forth in the pre-trial disclosure statutes, including, apparently, the making of objections to the subpoena duces tecum, be read into the trial subpoena duces tecum statutes (see, Campos v. Payne, 2 Misc 3d 921, 925). While this Court agrees with the underlying analysis of the Court in Campos v. Payne, supra, that the physician-patient privilege is required to be afforded appropriate protection through the trial stage, the procedures fixed for when a case is being readied for trial are not necessarily soundly applicable with respect to the trial, itself, in which the time constraints and [*3]other considerations are different than exist during the pre-trial disclosure phase.
The issue is one of providing notice and adequate opportunity to the person whose records are being subpoenaed to be heard. The Courts are in a position to fashion appropriate procedures to guarantee such notice and opportunity while taking into consideration the needs and practices in their particular Courts.
Accordingly, it is
ORDERED that with the signing of the subpoena duces tecum this Court is issuing an order and notice to be served by the County Attorney, along with a copy of the subpoena duces tecum, on the person whose medical records are sought to be disclosed, and upon the respondent, that such records have been subpoenaed for disclosure, and that opportunity will be granted to such person to appear and be heard before the Court on the issue of such disclosure on the date and time specified in the notice; and it is further
ORDERED that the Assistant County Attorney prosecuting the proceeding, who is generally present on a daily basis in this Court, shall be present at such specified date and time.
Dated: Goshen, New YorkE N T E R
 March 8, 2005
 HON. DEBRA J. KIEDAISCH, J.F.C.
TO:
Allan Y. Drian, Esq.
Orange County Department of Law
Orange County Courthouse
285 Main Street
Goshen, New York 10924