■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL J. HEDGES, Appellant. — Judgment unanimously affirmed. Memorandum: At trial of the defendant for driving while intoxicated, the admission of the emergency room physician's testimony was not a violation of the physician-patient privilege. An exception to the physician-patient privilege has been carved out with respect to "facts which are 'plain to the observation of anyone without expert or professional knowledge' * * * (*Klein v Prudential Ins. Co. of Amer.,* 221 NY 449, 453; *Patten v United Life & Acc. Ins. Assn.,* 133 NY 450, 453; *Edington v Aetna Life Ins. Co.,* 77 NY 564, 570)" (*Matter of Grand Jury Investigation of Onondaga County,* 59 NY2d 130, 134; see, also, *People v Newman,* 32 NY2d 379, cert den 414 US 1163). The burden of proving that evidence falls within the physician-patient privilege rests upon the party seeking to invoke the privilege (*People v Decina,* 2 NY2d 133; *Matter of Judicial Inquiry Pursuant to Order of Appellate Div., Second Dept.* [*Anonymous "P" — Hurley*], 8 AD2d 842). Defendant has not met that burden. The physician's observations that there was a strong odor of alcohol on defendant's breath, that the defendant's speech was slurred and disjointed and that the defendant was "extremely intoxicated" could have been made by a lay person and did not depend upon any confidential communication by the defendant. They thus were not privileged. Even if we were to find that the physician's testimony was improperly admitted, the testimony of the deputy sheriff and the ambulance driver, both of whom observed defendant at close range in a state of intoxication at the accident scene, was more than sufficient to support the conviction. (Appeal from judgment of Livingston County Court, Houston, J. — driving while intoxicated.) Present — Dillon, P. J., Doerr, Denman, O'Donnell and Moule, JJ.