■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH FITZROY, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered May 30, 1986, upon a verdict convicting defendant of the crime of assault in the second degree.

On October 23, 1985, Tracey Taylor, an inmate at Elmira Correctional Facility, experienced first and second degree burns to his feet and lower legs as a result of flammable liquid being thrown on him and ignited while he was in his cell sleeping. The incident occurred at about 8:00 A.M.

At approximately 8:50 A.M., a vocational instructor employed at the facility, awaiting the arrival of inmates attending his class in small engine repair, saw defendant enter the room. Defendant, who was one of the instructor's students and invariably late for class, was unusually early. After pounding on the back door of the classroom and hollering to gain entry, he was admitted. Hiding one hand behind his back, defendant hastened to a sink located in the classroom where he proceeded to wash his hands. Confronted by the instructor who demanded to see his hands, defendant eventually complied. The instructor testified at trial that he saw a "severe" burn, that the hand was blistered with skin hanging from it, and that he directed defendant to report to the facility's hospital where he was then treated by Robert Jones, a nurse. Later that day, while being questioned by a State Police investigator regarding the Taylor fire, defendant, who had been apprised of and waived his *Miranda* rights, stated that he knew nothing about the incident; asked how he had hurt his bandaged left hand and acquired a reddish mark on his cheek, defendant said that at around midnight he had been scalded while mishandling his hotpot—an electrical device used to heat water for tea or coffee in an inmate's cell.

Defendant was indicted and tried for assault in the second degree. At trial, the People produced a fellow inmate who testified that he actually witnessed defendant commit the crime. Other testimony, notably that of the vocational instructor and Jones, confirmed defendant's culpability. In addition to describing defendant's agitated state when he arrived for class that day, his efforts to hide his hand and its raw

condition, the instructor also testified that gasoline was available to inmates enrolled in the small motor repair program. After the fire, a plastic food container was found just inside Taylor's cell near the foot of the bed. An expert called by the People said it had contained gasoline.

Jones, who testified over defendant's objection that allowing Jones to do so would violate the physician-patient privilege, described the burns he observed and treated on the back of defendant's left hand and across the fingers and palmar surface of both hands. He opined, without objection, that the burns had occurred within an hour prior to being treated and that their nature was such that they were not caused by scalding water. County Court, in permitting this testimony, reasoned that defendant had waived his privilege and placed his physical condition in issue when he advised the State Police investigator he had scalded his hand in the hotpot accident.

The one witness called on behalf of the defense, another inmate, testified that he was at defendant's cell—as clerk of the cell block this inmate was free to leave his cell—just before 8:00 A.M. on the day in question; that he noticed a broken blister on defendant's left hand and obtained a bandage for it; that a few seconds later as defendant left his cell to attend a program, defendant was moving in a direction a considerable distance away from Taylor's cell, when this witness became aware of the fire.

Defendant maintains that allowing Jones to testify as he did was improper and that this, coupled with prosecutorial misconduct during summation, constitutes reversible error. Though the nurse-patient privilege was waivable (see, People v Wilkins, 65 NY2d 172, 177; People v Edney, 39 NY2d 620; People v Carfora, 25 NY2d 972), we are unpersuaded that the exchange had with defendant respecting how his hand had been injured, testified to by the investigator, brought about a waiver of this privilege thus enabling the People to resort to Jones' testimony on their direct case. Our disagreement with County Court's ruling in this regard does not, however, necessitate a new trial, for the testimony of the eyewitness and that of the vocational instructor is more than sufficient, in weight and substance, to sustain the conviction (cf., People v Hedges, 98 AD2d 950).

Nor does the claimed prosecutorial misconduct, principally that of the prosecutor's references in summation to objections registered by defense counsel in the course of the trial, require that this matter be retried. Those comments, though better

left unsaid, never reached a level of flagrancy that could be called prejudicial *(see, People v Demming,* 116 AD2d 886, 887, *lv denied* 67 NY2d 941). Furthermore, County Court specifically instructed the jury to draw no inferences from the prosecutor's remarks.

Judgment affirmed. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.