■ In the Matter of JOSEPH FITZROY, Appellant, v THOMAS COUGHLIN, as Commissioner of New York State Department of Correctional Services, et al., Respondents.—Harvey, J. Appeal from a judgment of the Supreme Court (Klein, J.), entered March 22, 1988 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

In October 1985, petitioner, an inmate at Elmira Correctional Facility in Chemung County, was charged with assault and arson in violation of facility rules 100.10 and 118.10. Specifically, petitioner was accused of throwing a burning object into the cell of another inmate. Petitioner was found guilty of the charges and punishment was imposed. Upon the denial of his administrative appeal, petitioner commenced this CPLR article 78 proceeding asserting that his constitutional rights to due process had been violated because of certain procedural errors at the hearing. Supreme Court dismissed the petition and this appeal by petitioner followed.

Petitioner brought this appeal while neglecting to inform this court and his own counsel of the fact that a separate criminal proceeding based on the same infraction involved in this disciplinary proceeding had been instituted against him. A resulting conviction by a jury for assault in the second degree was affirmed by this court on appeal *(see, People v Fitzroy,* 132 AD2d 810, *lv denied* 70 NY2d 874). This fact was learned by petitioner's counsel only on the day of oral argument while the Attorney-General only learned of this convic-

tion the day before. It is our view that this proceeding should be dismissed as moot. Petitioner has already received his administrative punishment for the infraction; thus, the most relief we could grant would be an expungement of the matter from petitioner's prison records *(see, Matter of Cunningham v LeFevre,* 130 AD2d 809, 810). However, since his record must also contain his criminal conviction for the same incident (a proceeding which provided petitioner with more procedural safeguards and protections than could ever be afforded at an administrative hearing), we conclude that petitioner has not been prejudiced by the inclusion of the adverse disciplinary determination in his file.

Appeal dismissed, as moot, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.