OPINION OF THE COURT
William H. Bristol, J.
In this felony driving while intoxicated trial, the defendant *883 seeks to preclude any testimony of Diane Wood. Ms. Wood is the emergency medical technician who arrived at the scene of the automobile accident on December 21, 1989 to render first aid to the defendant, Scott Ackerson. The defendant claims the emergency medical technician is subject to the privilege found in CPLR 4504 (a).
In relevant part that section states: "Unless the patient waives the privilege, a person authorized to practice medicine, registered professional nursing, licensed practical nursing, dentistry or chiropractic shall not be allowed to disclose any information which he acquired in attending a patient in a professional capacity, and which was necessary to enable him to act in that capacity.”
The Legislature has created certain evidentiary privileges. These privileges did not exist at common law and thus must be construed strictly since they are in derogation of common law. Specifically, CPLR article 45 originally set up evidentiary privileges for communications between spouses, between attorneys and clients, between physicians, dentists, nurses and patients, and between clergy and penitent. This section was amended in 1990 to add communications between chiropractors and their patients. By Laws of 1968 (ch 274) CPLR 4507 was enacted to create a privilege for communications between a psychologist and his or her patient. Similarly, by Laws of 1968 (ch 274, amended by L 1985, ch 96) as derived from Education Law § 7710 (L 1965, ch 334), CPLR 4508 was enacted to create an evidentiary privilege for communications between a social worker and his or her client. Indeed, the Legislature has even gone to the extent of creating an evidentiary privilege for library records. (See, CPLR 4509, added by L 1982, ch 14, amended by L 1988, ch 112.)
Thus the Legislature of the State of New York has shown a willingness to be explicit in creating and extending evidentiary privileges.
Significantly, the Legislature has not created any explicit evidentiary privilege between an emergency medical technician and the person to whom he or she is rendering aid. In this case, with the defendant having the burden to establish that the privilege is applicable (see, People v Decina, 2 NY2d 133; see also, Polsky v Union Mut. Stock Life Ins. Co., 80 AD2d 777), here, having offered no other source of privilege, the court therefore must look to the statute as written. Essentially the defendant seeks the court to judicially extend the privilege *884 of physicians, registered nurses and licensed practical nurses to include emergency medical technicians.
It is important to note that on voir dire of the emergency medical technician, out of the presence of the jury, there was no proof offered to show that this emergency medical technician was acting as an agent for a doctor. On the contrary, the evidence elicited from this witness was to the contrary. Any communications she had with the hospital were directed to a secretary, not to a physician.
While there is some authority to suggest that the physician/ patient privilege should be given "broad and liberal construction” (see, e.g., People v Shapiro, 308 NY 453 [1955]; Munzer v State, 41 NY2d 98 [1943]), such construction nevertheless must be consistent with the purpose of the privilege and with the role of the Legislature in creating these evidentiary privileges.
The purpose of the physician/patient privilege is to "encourage full disclosure by the patient so that he can secure appropriate treatment from the physician”. (Matter of Grand Jury Proceedings [Doe], 56 NY2d 348, 352 [1982].) The purpose is to "ensure proper diagnosis and treatment”. (Greene v New England Mut. Life Ins. Co., 108 Misc 2d 540, 541 [1981].) An emergency medical technician’s role is not to diagnose and treat illness and disease. Rather it is to stabilize a victim of illness or injury until a licensed physician can diagnose and treat that person. Indeed, Public Health Law § 3051 declares that "emergency medical services personnel” should have a "high quality” "training program” to assure they have the "knowledge and skills to care for acutely ill and injured patients in a manner which will prevent further illness and injury. ” (Emphasis supplied.)
A "physician” is a person who is licensed to practice medicine (Education Law § 6522) and to practice medicine is defined as "diagnosing, treating, operating or prescribing for any human disease, pain, injury, deformity or physical condition” (Education Law § 6521). Thus the physician and the emergency medical technician serve complementary but completely different functions. To decline to extend the physician/patient privilege of CPLR 4504 to the relationship between an emergency medical technician and the recipient of his or her services violates neither the letter nor the purpose of the privilege therein created. In the absence of acting as an agent for a physician, not the case here, the emergency medical technician is not charged with the responsibility for gathering *885 information for diagnosis and/or treatment of illness or injury, but only with the job of preventing further illness or injury through well-learned, sophisticated and thoughtful first aid.
For the foregoing reasons the motion of the defendant to preclude testimony of this emergency medical technician on the grounds that it violates CPLR 4504 is denied.