■ In the Matter of JOSEPH SCOTT, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, et al., Respondents.—Casey, J. P. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

By misbehavior report dated February 19, 1989, petitioner, who was then an inmate at Southport Correctional Facility in Chemung County, was charged with assault, violent conduct and possession of a weapon, in violation of certain prison rules. Following a tier III hearing, petitioner was found guilty of the charges and a penalty was imposed. Petitioner's administrative appeal resulted in a modification of the penalty. In this CPLR article 78 proceeding, petitioner contends that the determination must be annulled as a result of certain procedural errors during the hearing which violated his right to due process.

We are of the view that petitioner's conviction of the crime of assault in the first degree based upon the same incident that gave rise to the administrative charges, which we recently affirmed (People v Scott, 168 AD2d 835), coupled with the fact that petitioner has already completed his administrative punishment, renders this proceeding moot (see, Matter of Fitzroy v Coughlin, 150 AD2d 980). To be distinguished is Matter of Torres v Coughlin (166 AD2d 793), where we ordered expungement of a disciplinary matter from an inmate's prison records despite a subsequent criminal conviction arising out of the same incident that served as the basis for the administrative charges. In so doing, we noted that the criminal conviction of assault in the second degree did not encompass all of the administrative charges, which included disturbing the order of the facility and riot (supra, at 794). In the case at bar, during the course of the criminal proceedings which culminated in petitioner's plea of guilty of assault in the first degree, petitioner admitted that on February 19, 1989 he possessed a metal shank and that he used the shank to stab

another inmate. In these circumstances, we are of the view that petitioner's claims of error in the administrative process which found him guilty of assault, violent conduct and possession of a weapon are moot.

Petition dismissed, as moot, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Crew III, JJ., concur.