OPINION OF THE COURT
Patricia D. Marks, J.
This is a decision on a unique issue of law regarding the application of the physician-patient privilege to communications between an emergency medical technician and a person who provides information on behalf of a patient.
The defendant, Chester Hanf, is accused of criminally negligent homicide in the death of his wife Tina Hanf. The People seek to offer as evidence at trial apparent admissions against penal interest. These admissions were allegedly made by the defendant to an emergency medical technician who treated his wife at the scene of the homicide.
On April 21, 1993, Craig Wiese, an emergency medical technician, responded to the scene of a homicide. In the course of administering treatment to Tina Hanf, the defendant was questioned about the circumstances that led to her condition.
The emergency medical technician was licensed by New York State and acted pursuant to a protocol designed and adopted by physicians to whom the emergency medical technician reported. The emergency medical technician also had radio contact with a physician at Strong Memorial Hospital.
The physician-patient privilege provides that: "a person authorized to practice medicine, registered professional nursing, licensed practical nursing, dentistry, podiatry or chiropractic shall not be allowed to disclose any information which he acquired in attending a patient in a professional capacity, and which was necessary to enable him to act in that capacity” (CPLR 4504 [a]).
The privilege is based upon sound public policy grounds which encourage the flow of information between a doctor and a patient seeking medical treatment (see, Dillenbeck v Hess, 73 NY2d 278 [1989]; Williams v Roosevelt Hosp., 66 NY2d 391 [1985]).
Thus, the analysis of whether this particular communication is deemed to be within the scope of the physician-patient privilege is dependent upon whether:
1. an emergency technician is "a person authorized to practice medicine;”
2. whether the communication received from the defendant *750 was a protected communication in that it was obtained in the course of treatment and was necessary for treatment of the patient;
3. whether the communication was on behalf of the patient and derived from confidential communications with the patient.
It is clear on the facts of this case that the emergency medical technician falls within the scope of the meaning of "a person authorized to practice medicine” (CPLR 4504 [a]). Proof offered at the hearing clearly established that the emergency medical technician who responded to the scene acted as an agent of the doctor.
Defendant has established that the technician acted at the direction of a physician by following the prescribed protocol and acting at the direction and supervision of a physician.
The information elicited certainly was obtained during treatment and while arguably necessary medical information to treat the patient, it was not the type of information to which the privilege applies. Though the privilege may be applied to persons who speak to a physician on behalf of a patient, it was not intended to protect communications about how the events occurred or information not the product of a confidential communication between the patient and a third party (see, Edington v Mutual Life Ins. Co., 67 NY 185 [1876]; Williams v Roosevelt Hosp., 66 NY2d 391 [1985], supra).
Therefore, the court would deny the application by the defendant seeking to preclude the statement of the defendant to the emergency medical technician as within the physician-patient privilege.