██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN D. GEORGETTI, Appellant. [838 NYS2d 326]—

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, J.), rendered January 4, 2006. The judgment convicted defendant, upon a jury verdict, of criminal possession of a forged instrument in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of criminal possession of a forged instrument in the second degree (Penal Law § 170.25). Contrary to the contention of defendant, County Court properly allowed his physician to testify with respect to the statement of defendant that his prescription had been altered. "The physician-patient privilege generally does not extend to information obtained outside the realms of medical diagnosis and treatment" (*Matter of Grand Jury Investigation in N.Y. County*, 98 NY2d 525, 530 [2002]). The court also properly allowed a nurse to testify with respect to defendant's efforts to obtain a prescription through her. That testimony was not privileged inasmuch as it concerned "facts which are plain to the observation of anyone without expert or professional knowledge" (*People v Hedges*, 98 AD2d 950 [1983] [internal quotation marks

omitted]). We conclude in addition that the court did not abuse its discretion in precluding a witness from testifying with respect to a collateral matter (*see generally People v Ward*, 27 AD3d 1119 [2006], *lv denied* 7 NY3d 819, 871 [2006]). We further conclude that reversal is not warranted based upon the alleged error of the court in refusing to permit defendant to recall his physician as a witness and in admitting three of defendant's medical records in evidence. The evidence of defendant's guilt is overwhelming, and there is no significant probability that defendant otherwise would have been acquitted (*see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]). We also reject the contention of defendant that he was deprived of effective assistance of counsel. Viewing the evidence, the law, and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see generally People v Benevento*, 91 NY2d 708, 712-713 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]). Finally, the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Centra, Fahey, Peradotto and Pine, JJ.