[892 NYS2d 752]

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v ISMAEL BRITO, Defendant.

Supreme Court, Bronx County, January 7, 2010

**APPEARANCES OF COUNSEL**

*Legal Aid Society* (*Benjamin Gold* of counsel), for defendant.
*Robert T. Johnson, District Attorney* (*Diana Cuozzo* of counsel),
for plaintiff.

**OPINION OF THE COURT**

RICHARD LEE PRICE, J.

The defendant is charged with two counts of operating a motor vehicle while under the influence of alcohol (Vehicle and Traffic Law § 1192 [3], [1]). A pretrial hearing was conducted in this case before Supreme Court Justice George Villegas on August 3, 2009, after which he determined that defendant's arrest was based upon sufficient probable cause, that the property recovered from inside his vehicle was proper, that any statements made by him were lawfully obtained, and that evidence of his refusal to submit to a chemical test is admissible at trial. On January 6, 2010, this matter was administratively transferred from Justice Donnelly, Part 50, to this court for trial.

Defendant now presses and renews his application to quash a subpoena issued by the District Attorney to the New York City Fire Department (FDNY) and made returnable to the District Attorney relating to emergency medical care provided to the defendant on the ground that it was issued in violation of CPL 610.25. Defendant also argues that all charges should be

dismissed and further moves to preclude the admission of any documents obtained pursuant to that subpoena, as well as any testimony, including observations, relating to his medical treatment administered by emergency medical technicians on the ground that they are protected by the physician-patient privilege pursuant to CPLR 4504 (a).

The District Attorney, while conceding that the subpoena was inadvertently issued in violation of CPL 610.25, contends that the "Prehospital Care Report" obtained from the FDNY is not protected by the physician-patient privilege because CPLR 4504, which governs such privilege, omits emergency medical technicians. The People further argue that even if this report is protected, the treating emergency medical technicians may nevertheless testify to their observations of the defendant's condition. After reviewing the papers submitted and hearing oral argument, defendant's motions to quash the subpoena and dismiss the charges are denied. Defendant's application to preclude the admission of the prehospital care report, however, is granted.

■ Regarding defendant's claim that the charges should be dismissed and the prehospital care report must be precluded because the District Attorney violated CPL 610.25 by failing to direct that the records be returned to the court, this court disagrees. Initially, it must be noted that there is nothing before this court to suggest such violation was intentional or otherwise done to circumvent the court, and the defendant does not claim that it was. Dismissal, or even preclusion, where prosecutorial misconduct has occurred, is a drastic remedy. As such, in the absence of any intentional or wilful conduct, it can hardly be justified except in the most extenuating of circumstances. The People have acknowledged that their failure to direct the subpoena returnable to the court was inadvertent, and there being no indication to the contrary, this court accepts their representation. Defendant's request for dismissal and/or preclusion is therefore denied.

■ As for defendant's claim that the prehospital care report is protected by the physician-patient privilege, this court notes that the law governing this issue is not well settled. Defendant argues that because CPLR 4504 (a) applies the physician-patient privilege to all persons "authorized to practice medicine," it must include and extend to emergency medical technicians (*People v Mirque*, 195 Misc 2d 375 [Crim Ct, Bronx County 2003, Greenberg, J.]; *People v Hanf*, 159 Misc 2d 748 [Monroe County

Ct 1994, Marks, J.]). The People, on the other hand, argue that since CPLR 4504, which addresses the physician-patient privilege, omits emergency medical technicians from those authorized to practice medicine such as a registered nurse, dentist or podiatrist, the privilege must not extend to emergency medical technicians.

Notably, while there exists a dearth of law on this issue, there appears to be a distinction regarding emergency medical technicians that administer medical treatment at the behest or direction of a physician (*People v Mirque, supra; People v Ackerson,* 149 Misc 2d 882 [Monroe County Ct 1991, Bristol, J.]). *Ackerson* essentially holds that the physician-patient privilege applies only where an emergency medical technician acts as an agent of a physician. *Mirque* holds that the privilege applies where an emergency medical technician obtains a patient's medical information that must be disclosed to the hospital's medical staff. The question is, however, whether such an agency relationship must be expressly created or whether it is impliedly established merely upon administering medical treatment. *Mirque* suggests the latter.

Here, an emergency medical technician treated the defendant before transporting him to the hospital. The technician then prepared a document entitled "Prehospital Care Report" containing medical information obtained through administering medical treatment. Indeed, by its title, the report infers that it is prepared for the purpose of providing it to the hospital staff. Although it is entirely unclear when this report was prepared and whether it was in fact provided to the hospital staff, it clearly contains pertinent medical information of the defendant. As such, this court is not persuaded by the People's argument that this report constitutes nothing more than an ambulance call report, which would not be protected under the physician-patient privilege. Accordingly, defendant's motion to preclude the People from offering the prehospital care report in evidence at trial, or eliciting any testimony relating to it, is granted.

■ With respect to the emergency medical technician's observations, however, this court finds no basis to preclude such testimony. While the physician-patient privilege applies to medical professionals that acquire medical diagnosis and treatment information through their knowledge, training or skill, it does not extend to conspicuous observations that even a layman could make (*Matter of Grand Jury Investigation in N.Y. County,* 98 NY2d 525 [2002]). Under appropriate circumstances, any person

may be capable of observing whether a person's breath smells from alcohol, speech is slurred or incoherent, or balance is unsteady; no special skill or training is required, let alone medical. Accordingly, such observations are not protected by the physician-patient privilege (*People v Hedges*, 98 AD2d 950 [4th Dept 1983]; *People v Beneway*, 148 Misc 2d 177 [Columbia County Ct 1990, Leaman, J.]). The People may, therefore, elicit testimony from the emergency medical technician concerning the defendant's condition.

Defendant's motion to quash is therefore denied as is his request for dismissal. Defendant's application to preclude the admission of the prehospital care report, however, is granted. The People may nevertheless elicit testimony from the treating emergency medical technician relative to observations of the defendant.