■ SOL HIRSCH et al., Appellants, v CATHOLIC MEDICAL CENTER OF BROOKLYN AND QUEENS, INC., Doing Business as MARY IMMACULATE HOSPITAL, Respondent. — In an action sounding in negligence and medical malpractice to recover for personal injuries, etc., plaintiffs appeal from an order of the Supreme Court, Queens County (Lonschein, J.), dated April 23, 1981, which granted defendant's motion for a protective order against plaintiffs' demand for names and addresses of witnesses. Order modified, so as to provide that the defendant's motion for a protective order is granted except as to the names and addresses of those nonparty patients who shared plaintiff Sol Hirsch's hospital room during his stay in defendant's facility, and as to those names and addresses the motion is denied. As so modified, order affirmed, without costs or

disbursements. Defendant is directed to provide such names and addresses to plaintiffs within 20 days after service upon it of a copy of the order to be made hereon, with notice of entry. Disclosure of the identity of a nonparty patient who may have been a witness to an alleged act of negligence or malpractice does not violate the privilege of confidentiality of treatment accorded those individuals under CPLR 4504 (subd [a]) and section 2803-c (subd 3, par f) of the Public Health Law (see *Vanadio v Good Samaritan Hosp.*, 85 AD2d 662; *King v O'Connor,* 103 Misc 2d 607). The remainder of plaintiffs' demand was both vague and overbroad, and as·to it, the granting of a protective order was a proper exercise of discretion (see, e.g., *Barough Eaton Allen Corp. v International Business Machs. Corp.,* 76 AD2d 873, 874). Although it is not clear from the record whether or not the motion for a protective order was timely, it is clear that the delay was insignificant and Special Term had the discretion to excuse any minor noncompliance with the time requirements of CPLR 3122 (see *Matter of Handel v Handel,* 26 NY2d 853, 855). Titone, J. P., Gibbons, Thompson and Bracken, JJ., concur.