■ In the Matter of JAIME N. and Another, Infants. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARY H., Appellant. (Appeal No. 1.) [734 NYS2d 520] —Order unanimously affirmed without costs for reasons stated in decision at Erie County Family Court, Rosa, J. (Appeal from Order of Erie County Family Court, Rosa, J.—Terminate Parental Rights.) Present—Pigott, Jr., P. J., Wisner, Hurlbutt, Gorski and Lawton, JJ.

■ In the Matter of JAIME N. and Another, Infants. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARY H., Appellant. (Appeal No. 2.) [734 NYS2d 520] —Order unanimously affirmed without costs for reasons stated in decision at Erie County Family Court, Rosa, J. (Appeal from Order of Erie County Family Court, Rosa, J.—Terminate Parental Rights.) Present—Pigott, Jr., P. J., Wisner, Hurlbutt, Gorski and Lawton, JJ.

■ In the Matter of VICKIE E. SEYMOUR, Respondent. KENMORE MERCY HOSPITAL, Appellant. [732 NYS2d 764] —Order unanimously affirmed with costs. Memorandum: On November 27, 2000, petitioner was working as an aide in the X-ray Department at respondent, Kenmore Mercy Hospital (Hospital), when a male patient weighing approximately 400 pounds fell on top of her while she was attempting to assist him onto an X-ray table. Supreme Court properly granted the application of petitioner for pre-action disclosure requiring the Hospital to disclose to petitioner's attorney the name and address of the "male patient, seen in X-Ray Room 2 on [the date of the incident], with the highest notated weight of all such male patients." Contrary to the contention of the Hospital, such disclosure does not violate the physician-patient privilege set forth in CPLR 4504 (a). The privilege does not apply where, as here, petitioner is not seeking to identify the patient by reference to the medical treatment that he received at the Hospital, but rather seeks to identify him by the fact of his extreme weight, a fact "plain to the observation of anyone without expert or professional knowledge" (*Klein v Prudential Ins. Co.*, 221 NY 449, 453; *see, Matter of Grand Jury Investigation of Onondaga County*, 59 NY2d 130, 134; *People v Hedges*, 98 AD2d 950). (Appeal from Order of Supreme Court, Erie County, Sconiers, J.—Disclosure.) Present—Pigott, Jr., P. J., Wisner, Hurlbutt, Gorski and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HEATHER L. SHERMAN, Appellant. [732 NYS2d 384] —Judgment unanimously affirmed. Memorandum: Defendant appeals from