STANLEY RABINOWITZ, Appellant, v ST. JOHN'S EPISCOPAL HOSPITAL, Respondent. [808 NYS2d 280]—

In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Weiss, J.), dated October 8, 2004, as denied that branch of his motion which was to compel the defendant to produce the information demanded in paragraph 1 of his notice to produce dated December 11, 2003.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff alleges that the defendant, St. John's Episcopal Hospital (hereinafter the Hospital), negligently allowed the decedent to fall from a gurney while he was being treated in the Hospital's emergency room. The plaintiff further alleges that the injuries sustained by the decedent as a result of the fall led to his death.

In an effort to locate witnesses to the accident, the plaintiff served upon the Hospital a notice to produce by which he sought disclosure of, inter alia, "the names and last known addresses . . . of those patients who were within the treatment area of the emergency department with [the decedent] from January 2-4, 1998." The Hospital refused to provide that information, and the Supreme Court subsequently denied the plaintiff's motion to compel it to do so. This appeal followed.

Pursuant to CPLR 4504 (a), information obtained, among others, by licensed medical personnel in attending to a patient in a professional capacity and "which [is] necessary to enable him [or her] to act in that capacity" is privileged. As a general rule, disclosure of the name and address of a nonparty patient who may have been a witness to an alleged act of negligence or malpractice does not violate the patient's privilege of confidentiality of treatment (*see Hirsch v Catholic Med. Ctr. of Brooklyn & Queens*, 91 AD2d 1033, 1034 [1983]; *see also Matter of Grand Jury Investigation in N.Y. County*, 98 NY2d 525, 530-531 [2002]), provided that the requesting party "is not seeking to identify the patient by reference to the medical treatment he [or she] received" (*Matter of Seymour*, 288 AD2d 894, 894 [2001]) and revelation of the patient's location in the hospital does not reveal the patient's medical status (*see Marte v Brooklyn Hosp. Ctr.*, 9 AD3d 41, 47 [2004]; *Gunn v Sound Shore Med. Ctr. of Westchester*, 5 AD3d 435, 437 [2004]; *Rogers v NYU Hosps. Ctr.*, 8 Misc 3d 730, 732 [2005]).

Contrary to the defendant's contention, in light of the broad range of services provided and medical conditions treated in a hospital's emergency room, the information requested by the plaintiff did not fall within the ambit of CPLR 4504 (a) (*cf. Rogers v NYU Hosps. Ctr., supra* at 733-734). Nevertheless, the demand that the Hospital furnish the names and addresses of all patients who passed through the treatment area of its emergency room area within a 72-hour period was overly broad and burdensome (*see People v Gissendanner*, 48 NY2d 543 [1979]; *Abbadessa v Sprint*, 291 AD2d 363 [2002]; *see also Marte v Brooklyn Hosp. Ctr., supra*) and should have been denied on that ground.

The plaintiff's remaining contentions are without merit. H. Miller, J.P., Luciano, Fisher and Covello, JJ., concur.