■ WAYNE VASSELL, Respondent, v ANGELO MAGNO et al., Appellants, et al., Defendants. [818 NYS2d 118]—

In an action to recover damages for medical malpractice and wrongful death, the defendants Angelo Magno and Angelo Magno, M.D., P.C., appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Levine, J.), dated December 17, 2004, as denied their motion, in effect, for summary judgment dismissing the complaint insofar as asserted against them, without prejudice to renewal and granted the plaintiff's cross motion to direct them to produce an unredacted copy of a certain medical office log-in sheet for in camera review.

Ordered that the order is affirmed insofar as appealed from, with costs.

The appellants, Angelo Magno and Angelo Magno, M.D., P.C., contend that they have been mistakenly identified as the doctor who, and the entity which, allegedly provided inadequate medical care to the plaintiff's decedent, Jacqueline Vassell, on January 3, 2002, three days before she died. Prior to discovery, the appellants moved, in effect, for summary judgment dismissing the complaint insofar as asserted against them, contending that Angelo Magno did not treat the plaintiff's decedent on the date in question, and that she had been treated by another doctor who also worked at the Park West Medical Office (hereinafter Park West) located at 207 Prospect Park West, Brooklyn.

In opposition, the plaintiff submitted an affidavit of the decedent's sister-in-law, who stated that she accompanied the decedent to Park West and was certain that she was treated there by Angelo Magno, who failed to diagnose her illness as pneumonia. She provided a physical description of Angelo Magno and added that he was wearing a sling on his right arm at the time. The plaintiff cross-moved to compel the appellants to produce an unredacted copy of the log-in sheet attached to his motion papers for in camera review by the court, so that he could locate eyewitnesses who could corroborate the statement of the decedent's sister-in-law. In reply, the appellants submitted an affirmation of another doctor who worked at Park West, who stated that he treated the decedent on January 3, 2002, and that he was wearing a sling on that day.

The appellants met their initial burden by submitting evidentiary proof that Angelo Magno was not the doctor who treated the plaintiff's decedent three days before her death (see *Zuckerman v City of New York*, 49 NY2d 557, 563 [1980]). In opposition, the plaintiff met his burden by submitting evidentiary proof in admissible form raising a triable issue of fact as to the

identity of the doctor who treated the decedent at Park West (*id.*). Although the appellants submitted additional proof in reply, the Supreme Court providently exercised its discretion in denying the motion with leave to renew after discovery had been taken on the question of the identity of the doctor who rendered treatment to the decedent (*see* CPLR 3212 [f]).

The Supreme Court also providently exercised its discretion in granting the plaintiff's cross motion to compel the appellants to produce an unredacted log-in sheet listing the patients who were in the Park West office on the relevant day, since such disclosure would not result in revealing any private medical information (*see Rabinowitz v St. John's Episcopal Hosp.*, 24 AD3d 530, 531 [2005]). Florio, J.P., Adams, Luciano and Fisher, JJ., concur.