█ PAULETTE SIMMONS, Individually and as Administratrix of the Estate of DAISY KNOWLES, Deceased, Respondent, v NORTHERN MANHATTAN NURSING HOME, INC., Doing Business as NORTHERN MANHATTAN REHABILITATION & NURSING CENTER, Appellant, et al., Defendant. [860 NYS2d 512]—

Orders, Supreme Court, New York County (Milton A. Tingling, J.), entered January 9, 2008, which, in an action for personal injuries and wrongful death arising out of plaintiff's decedent's fall and subsequent care in defendant nursing home, inter alia, denied in part said defendant's motion for a protective order

and granted in part plaintiff's cross motion to compel disclosure, unanimously modified, on the law, to strike demand No. 37, and otherwise affirmed, without costs.

Plaintiff's demands, as time-limited by the court, for (1) negative outcome and incident reports involving conditions and occurrences like those alleged in the complaint, (2) the personnel files of personnel who treated the decedent, and (3) all documents and information relating to the demotion of any personnel who treated the decedent, are material and necessary (*see generally Anonymous v High School for Envtl. Studies*, 32 AD3d 353, 358 [2006]), and are not overly broad or unduly burdensome inasmuch as defendant is compelled by regulation to maintain and continuously collect "information concerning the facility's experience with negative health care outcomes and incidents injurious to residents" (10 NYCRR 415.15 [a] [3] [i]), and does not deny maintenance of personnel files. Demand No. 37 for all Quality Assessment and Assurance Committee reports prepared in accordance with 10 NYCRR 415.27 (c) (6) relating to the types and conditions and occurrences alleged in the complaint should have been stricken, as such reports are statutorily immune from disclosure (*Matter of Subpoena Duces Tecum to Jane Doe*, 99 NY2d 434, 438-440 [2003]). However, defendant failed to meet its burden of demonstrating that "all documentation of and from" such Committee regarding the decedent relates to the Committee's quality assurance function. Accordingly, demand No. 36 for such documentation was properly sustained (*see id.* at 439-441; *Kivlehan v Waltner*, 36 AD3d 597, 598 [2007]), subject to the understanding that "documentation" does not include the "reports" sought in demand No. 37. We have considered defendant's other arguments, as well as plaintiff's argument that defendant waived any right to claim privilege, and find them unavailing. Concur—Lippman, P.J., Andrias, Sweeny and Renwick, JJ.