■ ESTATE OF MIRCO TETA, Respondent, v MERCY MEDICAL CENTER et al., Appellants, et al., Defendants. [877 NYS2d 335]—In an action to recover damages for medical malpractice and wrongful death, the defendants Mercy Medical Center, Joseph Sciammarella, and Emmanuel Romero appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Winslow, J.), dated April 8, 2008, as denied their cross motion for a protective order regarding certain documents.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the cross motion of the defendants Mercy Medical Center, Joseph Sciammarella, and Emmanuel Romero for a protective order is granted.

The New York Education Law shields from disclosure, among other things, "the proceedings [and] the records relating to performance of a medical or a quality assurance review function" (Education Law § 6527 [3]; *see Kivlehan v Waltner*, 36 AD3d 597, 598 [2007]). "The party seeking to invoke the quality assurance privilege bears the burden of demonstrating that the

documents sought were prepared in accordance with the relevant statutes" (*Kivlehan v Waltner*, 36 AD3d at 598).

Here, the appellants satisfied their burden of proof and, therefore, were entitled to the protection of Education Law § 6527 (3) (*see Klingner v Mashioff*, 50 AD3d 746, 747 [2008]). Accordingly, the Supreme Court should have granted the appellants' cross motion for a protective order.

The plaintiff's contention regarding the appellants' alleged waiver of this privilege is improperly raised for the first time on appeal and, in any event, is without merit. Mastro, J.P., Balkin, Dickerson and Belen, JJ., concur.