■ JANICE CLEMENT, Respondent, v KATERI RESIDENCE, Appellant. [875 NYS2d 66]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered June 30, 2008, which, insofar as appealed from as limited by the briefs, in this action for personal injury and negligent hiring and retention allegedly arising out of the care afforded plaintiff during her stay at defendant nursing home, granted plaintiff's motion to compel disclosure of certain documents and denied defendant's cross motion for a protective order, unanimously affirmed, without costs.

Plaintiff's disclosure demand for negative outcome and incident reports involving conditions and occurrences like those alleged in the complaint are not protected by the quality assurance privilege, since such reports, although utilized by defendant's quality assurance committee, were not prepared by or at the behest of such committee, but rather were of the type routinely prepared and maintained pursuant to 10 NYCRR 415.15 (a) (3) (i) (*see Matter of Subpoena Duces Tecum to Jane Doe*, 99 NY2d 434, 440 [2003]). As indicated in the affidavit of

defendant's director of quality management, the function of defendant's quality assurance committee, as it pertains to the negative outcome and incident reports, appears to be no more than one of compliance with the requirements 10 NYCRR 415.15 (a) (3) (i), and, thus, subject to disclosure (*see Kivlehan v Waltner*, 36 AD3d 597, 599 [2007]).

Furthermore, plaintiff's demands, as time-limited by the court, as to, inter alia, personnel information regarding each employee who had contact with plaintiff while she was in defendant's residence, staff medical policies, and system-wide operational materials such as contracts, licenses, and bylaws, are material and necessary (*see generally Anonymous v High School for Envtl. Studies*, 32 AD3d 353, 358 [2006]), and are not overly broad or unduly burdensome, inasmuch defendant is compelled by statute and regulation to maintain and continuously collect such information (*see e.g.* Public Health Law § 2805-e; 10 NYCRR 415.15 [a] [3] [i]; 10 NYCRR 415.30 [h], [n]; 10 NYCRR 412.1; *Simmons v Northern Manhattan Nursing Home, Inc.*, 52 AD3d 351 [2008]).

We have considered defendant's remaining contentions and find them unavailing. Concur—Tom, J.P., Saxe, Sweeny, Acosta and Freedman, JJ. [*See* 2008 NY Slip Op 31810(U).]