■ JUDITH GRANT, Appellant, v PALJR, LLC, Doing Business as EAST NECK NURSING & REHABILITATION CENTER, et al., Respondents. [882 NYS2d 656]—

In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals from stated portions of an order of the Supreme Court, Kings County (Solomon, J.), dated April 28, 2008, which, inter alia, denied those branches of her motion which were to compel the defendants to respond to her discovery demands Nos. 16, 27, 39, and 41.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the plaintiff's motion which were to compel the defendants to respond to her discovery demands Nos. 16, 27, 39, and 41, and substituting therefor a provision granting those branches of the motion to the extent of directing the defendants to comply with those demands or provide proof that the information requested therein is privileged and not subject to disclosure; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff payable by the defendants appearing separately and filing separate briefs.

The plaintiff's decedent had been a resident of the defendant nursing homes and a patient in the defendant hospital. After the decedent's death in August 2005, the plaintiff commenced this action against the defendants alleging, inter alia, nursing home negligence, wrongful death, and violation of Public Health Law §§ 2801-d and 2803-c.

The plaintiff's discovery demands Nos. 16, 27, 39, and 41, which related to the staffing of the defendant nursing homes, were material and necessary to the prosecution of the action and, as time-limited by the court to the year preceding the decedent's death, were not overly broad or burdensome (*see Clement v Kateri Residence*, 60 AD3d 527 [2009]; *Simmons v Northern Manhattan Nursing Home, Inc.*, 52 AD3d 351 [2008]). Nevertheless, to the extent that the responses to such demands may include privileged information, the defendants are entitled to an opportunity to produce and submit a "privilege log" (*see Matter of Subpoena Duces Tecum to Jane Doe*, 99 NY2d 434, 442 [2003]) in an attempt to demonstrate that some or all of the information sought by the subject demands is not subject to disclosure (*see* Public Health Law § 2801; Education Law § 6527; *Bush v Dolan*, 149 AD2d 799 [1989]).

The plaintiff's remaining contentions are without merit. Skelos, J.P., Santucci, Belen and Chambers, JJ., concur.