ZINA OLKOVETSY, Respondent, v FRIEDWALD CENTER FOR REHABILITATION AND NURSING, LLC, et al., Appellants. [923 NYS2d 173]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Rockland County (Walsh II, J.), entered November 24, 2010, which granted the plaintiff's motion to compel discovery to the extent of directing the defendants to provide the names, addresses, room numbers, and dates of admission for certain residents admitted to the defendant's nursing home from January 1, 2005, through February 28, 2005.

Ordered that the order is affirmed, with costs.

The plaintiff alleges that the Friedwald Center for Rehabilitation and Nursing, LLC, and its administrator, Maria Perez (here-

inafter together the defendants), were negligent in their care of the plaintiff's decedent, which resulted in injuries including, among other things, pressure sores and a fracture to her left leg.

In an effort to locate witnesses to the alleged negligent care, the plaintiff served upon the defendants a discovery demand by which she sought disclosure of, among other things, the names, addresses, room numbers, and dates of admission to the defendant's nursing home, for each and every resident admitted to the defendant's nursing facility during the entire 16-month period of the decedent's residency. The defendants refused to provide that information, and the plaintiff moved to compel the defendants to comply with the demand. The Supreme Court subsequently granted the plaintiff's motion, but only to the extent of directing the defendants to deliver the names and last known addresses of the other residents of the decedent's particular unit of the nursing home, and only for the period from January 1, 2005, through February 28, 2005. The defendants appeal.

Pursuant to CPLR 4504 (a), information obtained by, among others, professional nursing personnel in attending to a patient in a professional capacity and "which [is] necessary to enable him [or her] to act in that capacity" is privileged. As a general rule, disclosure of the name and address of a nonparty patient who may have been a witness to an alleged act of negligence or malpractice does not violate the patient's privilege of confidentiality of treatment (*see Rabinowitz v St. John's Episcopal Hosp.*, 24 AD3d 530 [2005]; *Hirsch v Catholic Med. Ctr. of Brooklyn & Queens*, 91 AD2d 1033, 1034 [1983]; *see also Matter of Grand Jury Investigation in N.Y. County*, 98 NY2d 525, 530-531 [2002]), provided that the requesting party "is not seeking to identify the patient by reference to the medical treatment he [or she] received" (*Matter of Seymour*, 288 AD2d 894 [2001]).

Contrary to the defendants' contention, in light of the broad range of services provided in a nursing home, the information requested by the plaintiff did not fall within the ambit of CPLR 4504 (a) (*see generally Rabinowitz v St. John's Episcopal Hosp.*, 24 AD3d 530 [2005]; *cf. Gunn v Sound Shore Med. Ctr. of Westchester*, 5 AD3d 435, 437 [2004]). Additionally, the information demanded by the plaintiff was necessary to the prosecution of the action and, as limited by the Supreme Court to the period from January 1, 2005, through February 28, 2005, and to only the residents of the decedent's particular unit of residency, the demand was not overly broad or unduly burdensome (*see Grant v PALJR, LLC*, 64 AD3d 750, 751 [2009]).

The defendants' remaining contention is without merit. Angiolillo, J.P., Florio, Lott and Austin, JJ., concur.