■ ELZBIETA SUCHORZEPKA, Appellant, v AMAN MUKHTARZAD et al., Respondents. [960 NYS2d 157]—

In a consolidated action, inter alia, to recover damages for medical malpractice and wrongful death, the plaintiff appeals from an order of the Supreme Court, Queens County (O'Donoghue, J.), entered June 11, 2012, which denied her motion to strike the defendants' answers and granted the defendants' cross motion for a protective order vacating so much of two orders of the same court dated November 8, 2010, and October 17, 2011, respectively, as permitted the plaintiff to conduct an onsite inspection of the Chemical Dependency Unit of the defendant Flushing Hospital and Medical Center.

Ordered that the order entered June 11, 2012, is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting the defendants' cross motion for a protective order vacating so much of the orders dated November 8, 2010, and October 17, 2011, as permitted the plaintiff to conduct an onsite inspection of the Chemical Dependency Unit of the defendant Flushing Hospital and Medical Center, and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for the entry of an order permitting the plaintiff to conduct a limited onsite inspection of the Chemical Dependency Unit of the defendant Flushing Hospital and Medical Center, and modifying the orders dated November 8, 2010, and October 17, 2011, in accordance herewith.

The decedent allegedly was admitted to the defendant Flushing Hospital and Medical Center (hereinafter the hospital) on July 31, 2009, for treatment at the hospital's in-patient Chemical Dependency Unit (hereinafter the CDU). In November 2009, the plaintiff, as administrator of the decedent's estate, and individually, commenced an action against the hospital, alleging, inter alia, that the hospital was negligent in supervising the decedent during his admission to the CDU, and in permitting him to exit the facility unattended, which resulted in the decedent being struck and killed by a motor vehicle. A separate action, commenced by the plaintiff against the defendant Aman Mukhtarzad, was consolidated with the plaintiff's action against the hospital. During the course of discovery, two compliance conference orders dated November 8, 2010, and October 17, 2011, respectively, were issued which, in pertinent part, permitted the plaintiff to conduct an onsite inspection of the CDU.

The plaintiff moved to strike the defendants' respective

answers based upon the defendants' failure to comply with the provisions of the two compliance conference orders permitting the plaintiff to conduct an onsite inspection of the CDU, and the defendants cross-moved for a protective order vacating those provisions of the orders. The defendants argued that allowing the plaintiff to conduct an onsite inspection of the CDU would violate the privacy rights of patients admitted to the CDU who are actively undergoing treatment for substance abuse. The record indicates that the defendants had previously scheduled an onsite inspection of the CDU by the plaintiff, which ultimately did not take place. In an order entered June 11, 2012, the Supreme Court denied the plaintiff's motion to strike the defendants' answers, and granted the defendants' cross motion for a protective order.

CPLR 3101 (a) provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof." However, "unlimited disclosure is not mandated, and the rules provide that the court may issue a protective order 'denying, limiting, conditioning or regulating the use of any disclosure device' to 'prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts' " (*County of Suffolk v Long Is. Power Auth.*, 100 AD3d 944, 946 [2012], quoting CPLR 3103 [a]; *see Accent Collections, Inc. v Cappelli Enters., Inc.*, 84 AD3d 1283 [2011]). Here, the plaintiff's request to conduct an onsite inspection of the hospital's CDU was not a request to discover medical information (*see Mayer v Albany Med. Ctr. Hosp.*, 37 AD2d 1011 [1971]), and may yield evidence that is "material and necessary" to the prosecution of this action (CPLR 3101 [a]; *see Montalvo v CVS Pharmacy, Inc.*, 81 AD3d 611, 612 [2011]). Thus, the Supreme Court improvidently exercised its discretion in precluding any onsite inspection of the CDU by granting the defendants' cross motion for a protective order.

However, as correctly argued by the defendants, an onsite inspection could adversely affect the privacy rights of patients in the CDU. A patient's medical information is shielded from disclosure pursuant to CPLR 4504 (a) (*see Gunn v Sound Shore Med. Ctr. of Westchester*, 5 AD3d 435, 436 [2004]). Moreover, "if the revelation of a patient's location in a hospital would, by simple deduction, also reveal that patient's medical status, such discovery would run afoul of CPLR 4504 and the intent behind [the Health Insurance Portability and Accountability Act of 1996]" (*Marte v Brooklyn Hosp. Ctr.*, 9 AD3d 41, 47 [2004]; *see Gunn v Sound Shore Med. Ctr. of Westchester*, 5 AD3d at 436).

An unlimited inspection of the CDU, as permitted by the unrestricted terms of the compliance conference orders, during which the plaintiff seeks to record, videotape, and photograph the CDU, could potentially lead to the disclosure of confidential and privileged information, including the identity of patients in the CDU. The revelation of a patient's location in the CDU would, in effect, reveal, in violation of CPLR 4504 (a), that he or she was undergoing treatment for substance abuse (*see Gunn v Sound Shore Med. Ctr. of Westchester*, 5 AD3d at 436; *cf. Olkovetsy v Friedwald Ctr. for Rehabilitation & Nursing, LLC*, 84 AD3d 900, 901 [2011]; *Rabinowitz v St. John's Episcopal Hosp.*, 24 AD3d 530, 531 [2005]). Thus, any inspection of the CDU should be limited to ascertaining the physical layout of the premises. The inspection should be conducted in a manner so as to avoid disruption of the treatment being received by patients of the CDU, and to prevent the disclosure of confidential and privileged information. Moreover, any video or photography taken of the CDU, if deemed necessary, should be made subject to an in camera inspection by the Supreme Court (*see Marte v Brooklyn Hosp. Ctr.*, 9 AD3d at 47-48).

Accordingly, we modify the order appealed from by deleting the provision thereof granting the defendants' cross motion for a protective order and substituting therefor a provision denying the cross motion, and we remit the matter to the Supreme Court, Queens County, for the entry of an order permitting the plaintiff to conduct a limited onsite inspection of the CDU, and modifying the compliance conference orders dated November 8, 2010, and October 17, 2011, in accordance herewith.

The plaintiff's remaining contention is without merit. Mastro, J.P., Lott, Roman and Cohen, JJ., concur.