■ CARRIE PETROCCA KNEISEL, Individually and as Administratrix of the Estate of BRITTANY PETROCCA, Deceased, Appellant, v QPH, INC., Doing Business as HOLLISWOOD HOSPITAL, et al., Respondents, et al., Defendants. [2 NYS3d 195]—

In an action to recover damages for medical malpractice, negligence, and wrongful death, etc., the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Mahon, J.), dated April 3, 2013, as granted those branches of the motion of the defendants QPH, Inc., doing business as Holliswood Hospital, and Liberty Behavioral Management Corp., which were for a protective order pursuant to CPLR 3103 (a) with respect to item nos. 4, 5, 6, 7, and 8 of the plaintiff's notice for discovery and inspection dated September 6, 2012, and denied those branches of her cross motion which were to compel compliance with those discovery demands.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the motion of the defendants QPH, Inc., doing business as Holliswood Hospital, and Liberty Behavioral Management Corp., which was for a protective order pursuant to CPLR 3103 (a) with respect to item nos. 4, 5, and 7 of the notice for discovery and inspection dated September 6, 2012, and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof denying that branch of the plaintiff's cross motion which was to compel compliance with those discovery demands, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

"As a general rule, disclosure of the name and address of a nonparty patient who may have been a witness to an alleged act of negligence or malpractice does not violate the patient's privilege of confidentiality of treatment" (*Rabinowitz v St. John's Episcopal Hosp.*, 24 AD3d 530, 531 [2005]; *see Matter of Grand Jury Investigation in N.Y. County*, 98 NY2d 525, 530 [2002]; *Matter of Grand Jury Investigation of Onondaga County*, 59 NY2d 130, 134-135 [1983]; *Olkovetsy v Friedwald Ctr. for Rehabilitation & Nursing, LLC*, 84 AD3d 900, 901 [2011]; *Gunn v Sound Shore Med. Ctr. of Westchester*, 5 AD3d 435, 436 [2004]; *Hirsch v Catholic Med. Ctr. of Brooklyn & Queens*, 91 AD2d 1033, 1034 [1983]). However, where it is not possible to comply with a demand for the name and address of a patient without

disclosing privileged information concerning diagnosis and treatment, discovery is prohibited pursuant to CPLR 4504 (a) (*see Matter of Grand Jury Investigation in N.Y. County*, 98 NY2d at 531-532; *Matter of Grand Jury Investigation of Onondaga County*, 59 NY2d at 135; *Gunn v Sound Shore Med. Ctr. of Westchester*, 5 AD3d at 437).

Contrary to the plaintiff's contention, the Supreme Court properly concluded that discovery of the decedent's hospital roommate's identifying information was prohibited under CPLR 4504 (a). The decedent was housed in a unit of the Holliswood Hospital that was designated for patients ages 12 to 15 years old who suffered from certain psychiatric disorders. Since the roommate's location in that unit of the Holliswood Hospital would, by simple deduction, reveal her medical status, disclosure was prohibited (*see Gunn v Sound Shore Med. Ctr. of Westchester*, 5 AD3d at 436-437; *cf. Suchorzepka v Mukhtarzad*, 103 AD3d 878, 879-880 [2013]). Accordingly, the Supreme Court properly granted that branch of the motion to the defendants QPH, Inc., doing business as Holliswood Hospital, and Liberty Behavioral Management Corp. (hereinafter together the Hospital defendants) which was for a protective order with respect to item no. 8 of the plaintiff's notice for discovery and inspection dated September 6, 2012, and properly denied that branch of the plaintiff's cross motion which was to compel compliance with that demand.

The Supreme Court erred, however, in granting that branch of the Hospital defendants' motion which was for a protective order with respect to item nos. 4, 5, and 7 of the subject notice for discovery and inspection. The party seeking to invoke the privileges of Education Law § 6527 (3) has the burden of demonstrating that the documents sought were prepared in accordance with the relevant statutes (*see Daly v Brunswick Nursing Home, Inc.*, 95 AD3d 1262, 1263 [2012]; *Estate of Teta v Mercy Med. Ctr.*, 60 AD3d 624 [2009]; *Ross v Northern Westchester Hosp. Assn.*, 43 AD3d 1135, 1136 [2007]; *Marte v Brooklyn Hosp. Ctr.*, 9 AD3d 41, 46 [2004]). Here, the Hospital defendants merely asserted that a privilege applied to the requested documents without making any showing as to why the privilege attached. Moreover, the evidence submitted by the plaintiff in opposition to the Hospital defendants' motion and in support of her cross motion demonstrated that the requested documents were not prepared in accordance with the relevant statutes. Accordingly, the Supreme Court should have denied that branch of the Hospital defendants' motion which was for a protective order with respect to item nos. 4, 5, and 7 of the subject notice for

discovery and inspection, and should have granted that branch of the plaintiff's cross motion which was to compel compliance with those demands.

The plaintiff's remaining contentions are without merit. Dillon, J.P., Leventhal, Chambers and Duffy, JJ., concur.