OPINION OF THE COURT
Catherine M. DiDomenico, J.
The present action for divorce was commenced by the filing of a summons and complaint on or about March 18, 2016. By order to show cause dated September 2, 2016, plaintiff wife B.T. seeks an order enjoining defendant husband E.T. from being present in the delivery room when she gives birth to the parties’ expectant child. Husband objects to the order and further claims that wife’s counsel failed to give proper notice of this emergency application as required by 22 NYCRR 202.7 (f).
Turning first to the question of sufficient notice, 22 NYCRR 202.7 (f) reads (in relevant part) as follows:
“Any application for temporary injunctive relief, including but not limited to a motion for a stay or a temporary restraining order, shall contain, in addition to the other information required by this section, an affirmation demonstrating there will be significant prejudice to the party seeking the restraining order by the giving of notice. In the absence of a showing of significant prejudice, the affirmation must demonstrate that a good faith effort has been made to notify the party against whom the temporary restraining order is sought of the time, date and place that the application will be made in a manner sufficient to permit the party an opportunity to appear in response to the application.”
While husband’s attorney argues that she did not receive “sufficient notice” because she was not advised 24 hours in advance, a plain reading of the statute reveals no such requirement. Rather, the notice provided must be “sufficient to permit the party an opportunity to appear.” Given the exigent circumstances of this case, particularly the uncertainty of wife’s advancing labor, the court finds that the notice by facsimile transmission provided by plaintiff’s lawyer to defendant’s counsel was sufficient. Moreover, the court notes, and defense *475 counsel acknowledges, that husband was aware that wife objected to his presence in the delivery room. Accordingly, as husband was aware that wife might well make an application in the event that this issue could not be resolved between counsel, his claims to have been “sandbagged” by this application are not persuasive.
Turning to the merits of wife’s application, it is axiomatic that wife, as a patient, has a legal right to determine the course of her medical treatment and the right to the utmost privacy in the receipt of medical care. (See Chanko v American Broadcasting Cos. Inc., 27 NY3d 46 [2016]; see also Randi A. J. v Long Is. Surgi-Ctr., 46 AD3d 74 [2d Dept 2007].) This right includes the sole decision to consent to nonmedical spectators, if any, who might seek access to her medical information or more intrusively, to be physically present during the rendering of medical care. (See e.g. Suchorzepka v Mukhtarzad, 103 AD3d 878 [2d Dept 2013] [Onsite inspection of a drug treatment facility would violate privacy rights of the patients receiving care there].) Indeed, under the strong privacy rules created by the Federal Health Insurance Portability and Accountability Act, husband would not be entitled to access wife’s medical records without her permission, no less force his attendance at the delivery of such care. (See 42 USC § 1320d et seq.; see also Gunn v Sound Shore Med. Ctr. of Westchester, 5 AD3d 435 [2d Dept 2004].) As the right to medical care, and the privacy rights granted in the pursuit of that care, are rights that belong wholly and solely to wife, this court finds that husband has no legal standing to challenge those rights, or wife’s choices in that regard.
Further, if the court were to grant husband access to the delivery room against wife’s wishes, it would create a potentially unsafe and volatile situation. Husband’s unwelcomed presence could cause additional stress on wife and potentially disrupt medical personnel attempting to provide care to both mother and baby during this serious and vulnerable time. Moreover, such a ruling would suggest that wife’s rights to make medical decisions about her own body are interpreted in some way to be equal to, or subordinate to, the demands of husband, which they clearly are not.
The court notes that while this case appears to be a matter of first impression in New York, this same issue was recently adjudicated by the Superior Court of New Jersey. In that case, the Superior Court held, as this court does, that a husband *476 does not have a right to compel his presence in a delivery room over a patient wife’s wishes to exclude him. (See Plotnick v DeLuccia, 434 NJ Super 597, 85 A3d 1039 [2013].)
For the detailed reasons set forth above, wife’s application for an order enjoining husband from entering the delivery room is hereby granted. This court takes' no position on the constitutional right of husband to visit with the subject child once the medical treatment of wife is complete, and the parties’ child is born, as his right to access in this regard is not before this court on this limited emergency application. At this time, however, any claimed interests this husband has before the child’s birth are subordinate to the rights of wife to privacy in her medical treatment.