■ SANDRA RIVERA, Appellant, v ROCHESTER GENERAL HEALTH SYSTEM, Doing Business as HILL HAVEN REHABILITATION & TRANSITIONAL CARE CENTER, Respondent. [40 NYS3d 840]—

Appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered September 18, 2015. The order granted the motion of defendant for a protective order.

It is hereby ordered that the order so appealed from is unanimously reversed in the exercise of discretion without costs, the motion is denied, and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when she tripped and fell over a wheelchair scale located in a

hallway of the second floor of a building owned and operated by defendant. Plaintiff alleged, inter alia, that defendant was negligent in creating and allowing a "tripping hazard to exist in an area regularly traversed by staff, residents and other visitors," failing to warn of the dangerous condition, and "[f]ailing to place the wheelchair scale in an area of the facility where it would not create a tripping hazard." As part of her discovery demands, plaintiff demanded a site inspection and production of the floor plans for the entire building. Defendant sought a protective order limiting the application of the discovery demands to the floor on which the accident occurred. Plaintiff appeals from an order that granted defendant's motion.

"[W]e have repeatedly recognized that '[a] trial court has broad discretion in supervising the discovery process, and its determinations will not be disturbed absent an abuse of that discretion' " (*Daniels v Rumsey*, 111 AD3d 1408, 1409 [2013]). "We have also repeatedly noted, however, that, where discretionary determinations concerning discovery and CPLR article 31 are at issue, [we] [are] vested with the same power and discretion as [Supreme Court, and thus we] may also substitute [our] own discretion *even in the absence of abuse*" (*id.* [internal quotation marks omitted]). Under the circumstances of this case, we substitute our own discretion for that of the motion court, and we conclude that the items of discovery requested by plaintiff are "material and necessary" to the prosecution of the action (CPLR 3101 [a]).

Inasmuch as the site inspection, including any photographing and recording that may capture the residents of the building, may impact defendant's proprietary rights and the privacy rights of the residents, and in order to implement plaintiff's offers to limit the use of her discovery requests, we remit the matter to Supreme Court for consideration of reasonable restrictions to be placed on the discovery items requested (*see generally Suchorzepka v Mukhtarzad*, 103 AD3d 878, 879-880 [2013]). Present—Whalen, P.J., Smith, Lindley, Troutman and Scudder, JJ.