# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**881**
**CA 15-02032**

PRESENT: WHALEN, P.J., SMITH, LINDLEY, TROUTMAN, AND SCUDDER, JJ.

---

SANDRA RIVERA, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

ROCHESTER GENERAL HEALTH SYSTEM, DOING BUSINESS
AS HILL HAVEN REHABILITATION & TRANSITIONAL CARE
CENTER, DEFENDANT-RESPONDENT.

---

WILLIAM MATTAR, P.C., WILLIAMSVILLE (JOHN E. ABEEL OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

OSBORN REED & BURKE, LLP, ROCHESTER (JENNIFER M. SCHWARTZOTT OF COUNSEL),
FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Thomas
A. Stander, J.), entered September 18, 2015.  The order granted the motion
of defendant for a protective order.

It is hereby ORDERED that the order so appealed from is unanimously
reversed in the exercise of discretion without costs, the motion is denied,
and the matter is remitted to Supreme Court, Monroe County, for further
proceedings in accordance with the following memorandum:  Plaintiff
commenced this action seeking damages for injuries she allegedly sustained
when she tripped and fell over a wheelchair scale located in a hallway
of the second floor of a building owned and operated by defendant.
Plaintiff alleged, inter alia, that defendant was negligent in creating
and allowing a "tripping hazard to exist in an area regularly traversed
by staff, residents and other visitors," failing to warn of the dangerous
condition, and "[f]ailing to place the wheelchair scale in an area of
the facility where it would not create a tripping hazard."  As part of
her discovery demands, plaintiff demanded a site inspection and production
of the floor plans for the entire building.  Defendant sought a protective
order limiting the application of the discovery demands to the floor on
which the accident occurred.  Plaintiff appeals from an order that granted
defendant's motion.

"[W]e have repeatedly recognized that '[a] trial court has broad
discretion in supervising the discovery process, and its determinations
will not be disturbed absent an abuse of that discretion' " (*Daniels v
Rumsey*, 111 AD3d 1408, 1409).  "We have also repeatedly noted, however,
that, where discretionary determinations concerning discovery and CPLR
article 31 are at issue, [we] [are] vested with the same power and
discretion as [Supreme Court, and thus we] may also substitute [our] own
discretion *even in the absence of abuse*" (*id.* [internal quotation marks

omitted]).  Under the circumstances of this case, we substitute our own discretion for that of the motion court, and we conclude that the items of discovery requested by plaintiff are "material and necessary" to the prosecution of the action (CPLR 3101 [a]).

Inasmuch as the site inspection, including any photographing and recording that may capture the residents of the building, may impact defendant's proprietary rights and the privacy rights of the residents, and in order to implement plaintiff's offers to limit the use of her discovery requests, we remit the matter to Supreme Court for consideration of reasonable restrictions to be placed on the discovery items requested (*see generally Suchorzepka v Mukhtarzad*, 103 AD3d 878, 879-880).

Entered:  November 10, 2016                    Frances E. Cafarell
                                               Clerk of the Court