Legal Servicing, LLC v Lewis (2021 NY Slip Op 06088)





Legal Servicing, LLC v Lewis


2021 NY Slip Op 06088


Decided on November 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 09, 2021

Before: Renwick, J.P., Singh, Kennedy, Rodriguez, Pitt, JJ. 


Index No. 31007/17E Appeal No. 14603 Case No. 2020-03728 

[*1]Legal Servicing, LLC, Plaintiff-Respondent,
v
Bernard Lewis, Defendant-Appellant, Leon Simon and Grace Edwards-Simon, Intervenors-Respondents.


Bernard Lewis, appellant pro se.



Order, Supreme Court, Bronx County, entered December 3, 2019 (Julia I. Rodriguez, J.), which granted the motion of nonparties Leon Simon and Grace Edwards-Simon (the Simons) to intervene, and stayed this action until resolution of an adverse possession action by the Simons against defendant regarding ownership of the property could be resolved, unanimously affirmed, without costs.
Intervention by the Simons was properly granted. Intervention as of right is allowed "when the action involves the disposition or distribution of, or the title or a claim for damages for injury to, property and the person may be affected adversely by the judgment" (CPLR 1012[a][3]). Here, ownership of the property is currently being litigated. Should the property be sold to satisfy the judgment against defendant, the Simons would clearly be adversely affected should they ultimately be determined to be the owners of the property (see e.g. JP Morgan Chase Bank, N.A. v Kalpakis, 91 AD3d 722 [2d Dept 2012]).
Moreover, defendant's argument that the motion to intervene was void because the Simons' counsel allegedly did not maintain an office for the practice of law within the State is unavailing. While Judiciary Law § 470 requires that nonresident attorneys maintain a physical office in the State, failure to do so does not render a filing a nullity, and does not mandate dismissal (Arrowhead Capital Fin., Ltd. v Cheyne Specialty Fin. Fund L.P., 32 NY3d 645, 650 [2019]).
Finally, neither 22 NYCRR 202.7 nor CPLR 2214(d) requires the movant to provide 24-hours' notice prior to filing a proposed order to show cause, as defendant suggests. Notice need only "be sufficient to permit the party an opportunity to appear" (see e.g. B.T. v E.T., 53 Misc 3d 473, 474 [Sup Ct, Richmond County 2016]). Defendant was notified by email of the Simons' proposed order to show cause seeking leave to intervene and appeared to contest the motion. Accordingly, he had ample notice.
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 9, 2021